Stewart, C. J., and Sullivan, J., concur.

---

(June 24, 1912.)

## JOHN SULLIVAN, Respondent, v. THE BOARD OF COMMISSIONERS OF LEMHI COUNTY, Appellant.

[125 Pac. 191.]

LICENSE TO SELL INTOXICATING LIQUORS—DISCRETION OF BOARD—HEARING ON APPEAL—JURISDICTION ON APPEAL.

(Syllabus by the court.)

1. Under the provisions of sec. 1508, Rev. Codes, where an application is made for a license to sell intoxicating liquors at a place outside of an incorporated city, it is made the duty of the board of county commissioners to make the following investigations: First, "to determine whether or not the granting of such license would be conducive to the best interests of the community in which such saloon or business is proposed to be established"; second, to determine whether or not such applicant is a fit person to have such license

and to carry on such business; and, third, to determine whether or not such place of sale and business would likely be conducted in a quiet, orderly and peaceable manner; and if the board finds in the negative on any one of these questions, it is made the positive duty of such board to deny the application.

2. Upon an appeal from an order of the board of county commissioners, granting or refusing to grant a liquor license under the provisions of sec. 1508, Rev. Codes, the district court has jurisdiction to review any question involving the legality of the action of the board in passing on the application and any question of law which may have been involved in the application and action taken thereon by such board; but the court has no jurisdiction or authority to examine or review the facts upon which the board exercised its discretion in determining any one of the three questions which sec. 1508 requires the board to investigate and determine before granting or refusing such application. These questions involve the discretionary power of the board and that discretion is not conferred upon the courts.

APPEAL from the District Court of the Sixth Judicial District for Lemhi County. Hon. James M. Stevens, Judge.

Appeal from the order of the board of county commissioners refusing to grant a liquor license. From the judgment of the district court reversing the action of the board of commissioners, an appeal is prosecuted to this court. Judgment *reversed*.

D. C. McDougall, Attorney General, J. H. Peterson, and O. M. Van Duyn, Assistants to the Attorney General, for Appellant.

The late case of *Darby v. Pence*, 17 Ida. 697, 107 Pac. 484, 27 L. R. A., N. S., 1194, is in point in this matter. That case tested the discretion of the council of Boise City to grant or refuse a liquor license, and the power and jurisdiction of a court to review such discretion. That case holds that the discretion is with the city council, and such discretion is not reviewable by the courts.

We also call attention to the case of *Perkins v. Loux*, 14 Ida. 607, 95 Pac. 694, which is directly in point in the same matter and which reviews a number of late cases on this subject.

F. J. Cowen, for Respondent.

Sec. 1953, with reference to appeals from the orders of the board of commissioners generally, provides that:

"Upon the appeal, the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified."

" 'Heard anew,' as used in this statute, means that the cause shall be retried in the district court as though originally brought in said court, and the case must be proven in the same way, and the burden of proof rests with the same party as before the board of commissioners. It is a retrial of the matter tried before the board of commissioners." (*Gardner v. Blaine County*, 15 Ida. 698, 99 Pac. 826; *Latah County v. Hasfurther*, 12 Ida. 797, 88 Pac. 433; *Mahoney v. Board of Commrs.*, 8 Ida. 375, 69 Pac. 108; *Clyne v. Bingham County*, 7 Ida. 76, 60 Pac. 76; *Campbell v. Board of Commrs.*, 5 Ida. 53, 46 Pac. 1022; *Fisher v. Board*, 4 Ida. 381, 39 Pac. 552.)

In the absence of the evidence the findings of fact cannot be reviewed upon appeal or their correctness questioned. (*Brossard v. Morgan*, 7 Ida. 215, 61 Pac. 1031.)

The district court did not abuse its discretion, but the board of commissioners did abuse theirs. (*Ex parte Levy*, 43 Ark. 42, 51 Am. Rep. 550; *State ex rel. Galle v. City of New Orleans*, 113 La. 371, 36 So. 999, 67 L. R. A. 70, 2 Ann. Cas. 92.)

The board must treat all alike where they are authorized to license. (*Sarlo v. Pulaski Co.*, 76 Ark. 336, 88 S. W. 953.)

Neither the legislature nor a municipality has the power to discriminate between citizens of the same class in the granting of a license. (1 Woolen & Thornton, Intox. Liquors, sec. 130; *Cairo v. Feuchter Bros.*, 54 Ill. App. 112; affirmed, 159 Ill. 155, 42 N. E. 308.)

AILSHIE, J.—This appeal involves the action of the board of county commissioners of Lemhi county in rejecting the application of John Sullivan for a license to sell intoxicating liquors at retail in Leadore in Junction precinct, Lemhi county.

The respondent, Sullivan, made application in due and regular form and paid his license fee and executed the proper undertaking. The board of commissioners acted on the application and denied the same "for the reason that the granting of such license would not be conducive to the best interests of the community." The applicant thereupon appealed from the action of the board to the district court. The matter came on regularly for hearing in the district court, and no appearance was made on behalf of the board of commissioners. There seems to have been no evidence taken in the matter whatever. The court, however, in his findings recites that "the court proceeded to hear the evidence submitted in the said matter from which it appears," etc. The court reporter, however, who was directed by an order of the district court to make a transcript of the evidence, certifies under oath "that she was present at Salmon, Idaho, at the regular April, 1912, term of the district court in and for the county of Lemhi, state of Idaho, and at such term of court acted as such reporter; that no evidence was adduced and no notes taken in the above-entitled cause, and for this reason can make no transcript." No evidence whatever is reported in the record. This, however, is of no consequence as we view the matter.

This case differs from the case of *Anderson v. Board of Commissioners, ante,* p. 190, 125 Pac. 188, in that the Anderson case was an application for a license to sell intoxicating liquors *within* the boundaries of an incorporated city. In this case the place at which the sale is to be made is an unincorporated town or village. This case therefore falls within the terms of the *proviso* to sec. 1508, considered and discussed by this court in the Anderson case. It was therefore the duty of the board of commissioners, under the terms of the proviso to sec. 1508, to make the following investigations: First, to "determine whether or not the granting of such license would be conducive to the best interests of the community in which such saloon or business was proposed to be established"; second, to determine "whether or not such applicant was·a fit person to have such license and to carry on such business"; and, third, to determine "whether or not such place of sale and

business would likely be conducted in a quiet, orderly and peaceable manner." It is made the positive duty of the board of county commissioners to refuse to grant the license "should said board of county commissioners determine adversely to the applicant upon any grounds above specified." It does not appear from the record that the board of commissioners investigated and determined any of the above specified grounds, except the first, but they evidently made an examination on that because they reached the determination and conclusion "that the granting of such license would not be conducive to the best interests of the community." Upon the appeal the district court makes a finding as follows: "That the said board of commissioners have granted the applications of two other persons for the sale of intoxicating liquors in the said precinct, and that it would be conducive to the best interests of said community that the said John Sullivan be granted such license."

Sec. 1508, Rev. Codes, closes with the following clause: "And such order of the board of county commissioners shall be subject to appeal to the district court as in the case of other orders of said board." It is contended that this provision of the statute authorizes an appeal from an order refusing to grant a liquor license, and that upon appeal the matter is heard *anew*, the same as if it had never been heard before the board of commissioners, and that the district judge hears the matter and determines all the questions that the statute (sec. 1508) requires the board of commissioners to determine, and that his determination is conclusive on the board. This contention is made on the theory that sec. 1953 applies to appeals of this kind. That section provides that, "Upon the appeal, the matter must be heard anew and the act, order or finding so appealed from may be affirmed, reversed or modified." We do not believe that sec. 1953 was intended to apply to an appeal of this kind. That section was enacted many years before this provision was added to sec. 1508, authorizing an appeal from the action of the board of commissioners in allowing or rejecting an application for a liquor license. Sec. 1953 is contained in art. 5, title 2,

of the Political Code, and that article is dealing with "county finances and claims against the county." While the right of appeal applies to all orders made by the board of commissioners as such, it clearly had no reference at the time enacted to orders of the board of commissioners in granting or refusing applications for liquor licenses. At the time of the enactment of this statute (sec. 1953), no appeal would lie from the allowance or rejection of an application for a liquor license. The terms on which licenses then issued were set out in detail by the statute and a compliance with those terms entitled the applicant to his license. The very fact that this statute, sec. 1508, Rev. Codes, imposes a duty upon the board to investigate and determine certain facts, and that the doing so necessarily involves the exercise of discretionary power, and that this power and authority is not conferred upon the court, renders it improbable that the legislature ever intended that upon an appeal from an order either granting or refusing such a license the court should assume original jurisdiction to examine into and determine the matters and facts enumerated in the statute and act as a license board and adjudicate who should and who should not receive licenses to sell intoxicating liquors. If this discretion may be exercised in the first place by the board of commissioners, and then the same discretionary power can upon appeal be exercised by the district judge, irrespective and independent of the original exercise thereof by the board of commissioners, then there could have been no object in vesting the jurisdiction originally in the board of commissioners. Their action and discretion would amount to nothing if, upon appeal from such order, the district court is to hear the matter "anew" and in the same manner as the board of commissioners would hear such an application and can consider it independent of and free from any action and consideration given the matter by the board of commissioners. We are rather inclined to construe this statute as conferring the power on the district court to review any question as to the legality of the action of the board and to determine any question of law which may have been involved in the application and action taken by

the board thereon. For example: there would doubtless be as many, if not more, occasions for the citizen to appeal from the action of the board in granting a petition where the board acted either without a proper application, a proper hearing, or granted the license to an unfit person, than there would be for the applicant to appeal on account of any wrongful or illegal action by the board. If the board should grant a license to an applicant to sell liquor in a rural community without investigating the matter and determining the facts required to be determined by the board or without the application having been filed twenty days before the meeting, their order would undoubtedly be subject to reversal on appeal by an interested citizen. So also if the board of commissioners should reject an application on the ground that the undertaking and bond were not in due form or had not been properly executed and filed or that the application for the license had not been filed in time, this would involve a question of law which might properly be reviewed and corrected on appeal. On the other hand, it is difficult to see and understand how a district court on appeal can review and pass upon the facts that were before the board of commissioners and upon which they exercised their discretion and determine either that the "granting of such license would not be conducive to the best interests of the community in which such saloon or business was proposed to be established, or that the applicant was or was not a fit person to have such license and carry on such business, or that such proposed place of sale and business would or would not likely be conducted in a quiet, orderly and peaceable manner." Doubtless facts could be presented by the citizens of any community sufficient to justify a board of commissioners reasonably exercising their legal discretion in determining either that the granting of a license to sell liquors in a certain community would not be "conducive to the best interests of the community in which such saloon or business was proposed to be established," or that "such place of sale and business would not likely be conducted in a quiet, orderly and peaceable manner." On the other hand, proof might be submitted in any given case which would satisfy

another and different board or official that the application should not be denied on any one of the foregoing grounds.

These are questions that common, everyday experience teaches us are viewed in a different light by different citizens and likewise by different officials. The legislature deemed it necessary to submit this question to the judgment and discretion of some official, board or body, and so it concluded that the board of commissioners was the proper body. If that judgment and discretion is to be supplanted and displaced on appeal by the judgment and discretion of another officer in the person of the district judge, then there can be no uniform standard in the county; nor can there be any uniform judgment and discretion thereon. The board may see the matter from one viewpoint and the district judge from another viewpoint.

In *Darby v. Pence,* 17 Ida. 697, 107 Pac. 484, 27 L. R. A., N. S., 1194, this court, in considering the discretionary power conferred upon the city council of Boise City in the matter of granting liquor licenses, said:

"If the fact that the applicant was a man of good moral character and fit to carry on the business, and such question was one which might be reviewed in the courts, then instead of the common council of Boise City being the judge of the fitness of an applicant, as provided in the ordinance, the court would become the judge and the provisions of the ordinance would be of no force or effect whatever. Had the common council intended to leave the question of the applicant's fitness to receive a license open to investigation in the courts, then the ordinance would have so provided."

In the Darby case, the court was dealing with a city ordinance instead of an act of the legislature, but the question of discretion was there being considered.

It is not shown that the board of commissioners in any way violated the provisions of the statute in considering and passing upon the application of the respondent, nor does it appear that they have in any way acted arbitrarily. The fact that they had previously granted licenses to two other applicants to sell liquors at the same place or in the same precinct is no

evidence that they have acted arbitrarily or unfairly on this application. The fact that one or two licenses have been granted for the sale of intoxicating liquors at a particular place does not entitle every other person who applies to have a license to sell at that place. This fact would rather furnish an argument against the granting of further licenses for such locality. An increase in the number of saloons in a rural community necessarily increases the expense of properly exercising the police authority in that community and increases the hazards and dangers to life and property and the peace and order of the community.

The judgment of the district court should be reversed, and it is so ordered, and the cause is remanded with direction to affirm the action of the board of commissioners. Costs awarded in favor of appellant.

Stewart, C. J., and Sullivan, J., concur.