(January 3, 1925.)

THE FIRST NATIONAL BANK OF MOSCOW, a Corporation, et al., Appellants, v. BOARD OF COMMISSIONERS OF LATAH COUNTY, Sitting as a Board of Equalization, et al., Respondents.

[232 Pac. 905.]

TAXATION—ASSESSMENT—ASSESSOR—BOARD OF EQUALIZATION—APPEAL TO DISTRICT COURT—SCOPE OF APPEAL—POWER OF DISTRICT COURT —REVERSING OR MODIFYING ORDER OF BOARD OF EQUALIZATION— ASSESSMENT OF BANK STOCK—ACTUAL VALUE—EVIDENCE—LACK OF MARKET VALUE—PROOF OF SALES OF SIMILAR PROPERTY—OPINION EVIDENCE AS TO VALUE.

1. An appeal lies to the district court from any act, order or proceeding of the board of county commissioners, sitting as a board of equalization.   (C. S., secs. 3339, 3340.)

2. On appeal from an order of the board of equalization, the district court has power to affirm, reverse or modify the order appealed from. (C. S., secs. 3340, 3512.)

3. Under C. S., secs. 3297 and 3298, the valuation of the capital stock of a bank for purposes of assessment is determined by adding to the par value of the capital stock paid up the surplus and undivided profits less expenses and taxes paid and subtracting from this total the amount of the capital stock, surplus or undivided profits actually invested in other property owned by and assessed to the bank.

APPEAL from the District Court of the Second Judicial District, for Latah County. Hon. Edgar C. Steele, Judge.

Appeal from judgment of district court modifying order of county board of equalization on appeal. *Reversed.*

C. J. Orland, for Appellants.

On an appeal from the board of commissioners, where it has discretionary powers, the court can only pass upon the questions of law, and not upon the facts on which it acted. (*Sullivan v. Commissioners,* 22 Ida. 202, 125 Pac. 191.)

The only power of the court on appeals from the board of commissioners is to affirm, reverse or modify the order or acts of the board. (C. S., sec. 3512.)

The court has no power to change the valuation of property for assessment purposes, unless the assessment violates a positive law or is fraudulent. (*Youngstown Bridge Co. v. Kentucky & I. B. Co.,* 64 Fed. 441; *Templeton v. Pierce Co.,* 25 Wash. 377, 65 Pac. 553; *Hart v. Smith,* 159 Ind. 182, 95 Am. St. 280, 64 N. E. 661, 58 L. R. A. 949; *Burton Stock Car Co. v. Traeger,* 187 Ill. 9, 58 N. E. 418.)

The testimony introduced over the objection of the appellant as to private sales of shares of stock, and of the values of farm lands in Latah county, was incompetent and immaterial, and was acted on by the court in making its findings and judgment. (*Blomquist v. Board of Commrs.,* 25 Ida. 286, 137 Pac. 174; *Pittsburg C. C. & St. L. Ry. Co. v. Backus,* 154 U. S. 421, 14 Sup. Ct. 1114, 38 L. ed. 1031.)

The judgment of the district court is right, so far as it allows to be deducted from the assets of the bank the amount actually invested in other property taxed directly to the bank. (C. S., sec. 3298; *Washington Co. v. First National Bank,* 35 Ida. 438, 206 Pac. 1054; *Security Sav. Bank v. Board of Review,* 189 Iowa, 463, 178 N. W. 562.)

A. H. Oversmith and Frank L. Moore, for Respondents.

The trial court was and this court is without jurisdiction to determine any question involved in the controversy for the reason that no appeal lies from any decision of the county board of equalization. (*General Custer M. Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22; *Feltham v. Board of Commissioners,* 10 Ida. 182, 77 Pac. 332; *Humbird Lumber Co. v. Morgan,* 10 Ida. 327, 77 Pac. 433.)

The county board of equalization is a constitutional body and is entirely separate from the board of commissioners. (Const., art. 7, sec. 12; *Feltham v. Board of Commissioners, supra.*)

Bank stock must be assessed "upon the same basis of actual value, and uniformly with all other property." (C. S., sec. 3297.)

Value for assessment purposes is fixed by law and should be based upon what the property would sell for at a voluntary sale in the ordinary course of business. (C. S., sec. 3105.)

The assessment of bank stock at its actual market value instead of the book value of the stock is legal. (*First Nat. Bank v. Christensen,* 39 Utah, 568, 118 Pac. 778; *Alva State Bank v. Renfrew,* 10 Okl. 26, 62 Pac. 285; *Ankeny v. Blakly,* 44 Or. 78, 74 Pac. 485; *First National Bank v. Estherville,* 136 Iowa, 203, 112 N. W. 829; *People v. Albany,* 2 Hun (N. Y.), 583; *People v. New York City,* 8 Hun (N. Y.), 536.)

The board of equalization did not err in deducting merely the assessed value of the capital invested in other property under the wording of the Idaho statute. (C. S., sec. 3299;

*Smith v. Stephens,* 173 Ind. 564, 91 N. E. 167, 30 L. R. A.,
N. S., 704.)

Admitting the right of appellants to appeal from the order of the board it was the duty of the court to try the case anew and affirm, reverse or modify the action of the board. (C. S., sec. 3512; *Fisher v. Commissioners,* 4 Ida. 381, 39 Pac. 552; *Latah County v. Hasfurther,* 12 Ida. 797, 88 Pac. 433; *Prothero v. Board of Commrs.,* 22 Ida. 598, 127 Pac. 175.)

McCARTHY, C. J.—Appellant bank made its tax statement for 1921 to the assessor of Latah county, showing paid-up capital stock of $50,000, surplus and undivided profits $27,262.45, expenses and taxes paid $756.27, or a total of $76,506.18 as the full cash value of the capital stock. It also showed a total of $96,306.49 invested in real estate, furniture and fixtures which had been assessed, and in Federal Reserve Bank stock. The result was that the bank reported that its capital stock had no valuation for taxing purposes. The assessor did not assess the stock. Respondent board of commissioners sitting as a board of equalization gave notice to the bank to appear and show cause why its assessment should not be raised. The board accepted appellant's valuation of its capital stock and found that property in Latah county was valued by the assessor for assessment purposes at 66⅔ per cent of its actual value, and that the capital stock and surplus of the bank should be valued at $51,004.12. It deducted from this the amount for which the real estate, furniture and fixtures of the bank was assessed, to wit, $33,005, and the $2,250 invested in Federal Reserve Bank stock, and concluded that the capital stock of the bank should be assessed at $15,749.12 or $31.50 per share. Appellants duly appealed from respondents' order to the district court. The principal grounds of the appeal, as stated in the notice, are that the board assessed the capital stock, and that it refused to deduct from the value of the stock the amount actually invested in other property upon which appellant paid taxes. On the trial the district court found that the

actual cash value of appellant's capital stock was $200 a share, or $100,000, that the actual amount of money invested by appellant bank in other property assessed to it was $86,556.49; that other real estate and personal property in Latah county was assessed on the basis of 66⅔ per cent of its actual value; that the full cash value of appellant bank's capital stock including surplus and undivided profits and after deducting the amount invested in other property assessed to it was $13,443.51, and that the capital stock should be assessed at 66⅔ per cent of that amount, or $8,962.32, which would make $17.92 per share. By its judgment the court provided that the order of the board of equalization be modified; that each share of appellant bank's stock be assessed at $17.92, and that this assessment be extended upon the tax-rolls of Latah county. It further adjudged that said county recover from each shareholder the amount of tax for the year 1921, based upon the assessment of each share at $17.92, with seven per cent interest from the fourth Monday in December, 1921, the date on which the tax became delinquent. It further provided that if such amount was not paid within thirty days the county should recover the statutory penalty of six per cent of the amount owing on the fourth Monday of December with one per cent per month interest thereafter. From this judgment this appeal is taken.

Of the many specifications of error, the principal ones, and the only ones which we find it necessary to expressly mention, are that the court erred, first in finding that the value of the stock was $200 per share and that its value for assessment purposes was $8,962.32 or $17.92 per share; second, in assuming to fix the value of the property for assessment purposes; third, in permitting evidence as to the price for which the stock had sold in 1920; fourth, in admitting evidence as to the value of land in Latah county; fifth, in reopening the case some months after the trial and permitting the introduction of further testimony. Appellants contend in effect that the valuation of the stock for taxing purposes was as shown on the bank's report. They also con-

tend that the district court had no power to fix the amount of the assessment.

Respondents contend that neither the district court nor this court has any jurisdiction in such cases because no appeal lies from a decision of the county board of equalization, citing *General Custer Mining Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22; *Feltham v. Board of Commissioners,* 10 Ida. 182, 77 Pac. 332; *Humbird Lumber Co. v. Morgan,* 10 Ida. 327, 77 Pac. 433. These authorities do so hold, but that was before the enactment of the present statute, enacted in 1919. It provides:

C. S. "Sec. 3339. Any time within 20 days after the adjournment of any meeting of the board of county commissioners, sitting as a board of equalization, an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when he deems any such act, order or proceeding illegal or prejudicial to the public interest, but nothing in this section shall be construed so as to suspend the payment of taxes pending said appeal."

C. S. "Sec. 3340. The procedure upon such appeal and the power of the courts in relation thereto shall be in all respects the same as are prescribed in section 3510, 3511 and 3512, providing for appeals from other orders of the board of county commissioners."

Section 3512 provides that upon the appeal the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified. These statutes clearly give the courts jurisdiction. They were in force at the time of the proceedings reviewed in *Washington County v. First National Bank,* 35 Ida. 438, 206 Pac. 1054. No mention was made of the jurisdictional question for the reason that the point was not disputed. Respondents also advert to the fact that in some of the pleadings they are referred to simply as the board of commissioners and not as the board of equalization. At other places in the record, however, they are referred to as the board of equalization. We conclude that the fact they are inadvertently referred to

in some places in the record as the board of commissioners is not sufficient ground for refusing to entertain jurisdiction.

As above stated, the principal purpose of appellants' appeal to the district court from the order of the board of equalization was to reverse the action of the board in deducting the assessed valuation rather than the actual valuation of the other taxable property. Appellants did not wish the court to disturb the action of the board in accepting the book value of the stock as its valuation for taxation. It is apparently appellants' contention that the district court should have contented itself with referring the matter back to the board of equalization with instruction to find and deduct the actual value of the other taxable property rather than its assessed valuation. In support of their position that the district court had no jurisdiction to order an increase in the assessment of the bank stock appellants rely on the principle that courts have no jurisdiction to grant relief from the acts of assessing officers unless there is proof of fraud, or that intentional, systematic discrimination which is the equivalent of fraud. (*Los Angeles Gas & Electric Co. v. Los Angeles County,* 162 Cal. 164, 9 A. L. R. 1277, 121 Pac. 384; *Birch v. Orange County,* 59 Cal. App. 133, 210 Pac. 57; *Spring Valley Coal Co. v. People,* 157 Ill. 543, 41 N. E. 874; *Ankeny v. Blakley,* 44 Or. 78, 74 Pac. 485; *Burton Stock-Car Co. v. Traeger,* 187 Ill. 9, 58 N. E. 418; *Templeton v. Pierce County,* 25 Wash. 377, 65 Pac. 553; *Bond-Dillon Co. v. Matson,* 27 N. M. 85, 196 Pac. 323.) But such decisions as the above do not construe a statute like ours, nor apply to a proceeding like this. The present case does not involve a collateral attack, nor an appeal to the general powers of a court of equity. On the contrary, it involves a direct attack by appeal to a court invested by the statute with broad powers of review. The statute provides specifically for an appeal upon which the court shall have power to hear the matter anew and affirm, reverse or modify the act or order from which the appeal is taken. Granting that the assessor and the county board of equalization are

constitutional officers whose powers cannot be usurped, it does not follow that the district court in reviewing and reversing or modifying their acts under the provisions of this statute is usurping their powers. The same constitution which creates those offices also provides that the district court shall have such appellate jurisdiction as may be conferred by law. (Const., V, 20.) Under this provision the legislature had the power to provide that the acts of the assessor or board of equalization might be reviewed and reversed or modified by the district court, and it has so provided. In support of their contention appellants also rely upon the decision in *Sullivan v. Board of Commrs.*, 22 Ida. 202, 125 Pac. 191, in which this court held that, on appeal from an order of the board of commissioners rejecting an application for a license to sell liquor, the board could not review the facts but could simply review questions of law. The court held that the general section providing that on appeal the matter must be heard anew did not apply to that particular sort of an appeal. Such a contention is impossible in the present case because the statutes giving the right of appeal, to wit, secs. 3339 and 3340, specifically provide that the procedure and power of the court shall be as prescribed in sec. 3512, which in turn provides that the matter must be heard anew and the act or order appealed from may be affirmed, reversed or modified. It is impossible to construe this language otherwise than to hold that the court must pass on questions of both law and fact. The appeal was from the whole of the order of the board of equalization and therefore the whole order was before the court. Appellant could not confine the court to correcting certain errors, but the court had the power to correct all errors which the evidence disclosed.

Appellants contend that the court should have accepted as the valuation of the bank's stock for taxation purposes the value as shown in its statement. C. S., sec. 3298, provides that a bank shall make and deliver to the assessor upon demand by him a written sworn statement showing among other things the number of shares and the par value of the

capital stock paid up, the amount of surplus and undivided profits less expenses and taxes paid, the full cash value of the capital stock including the surplus and undivided profits. C. S., sec. 3297, provides that the shares of capital stock of any bank shall be assessed for taxation in the same manner and upon the same basis of actual value and uniformly with all other property assessed in the county in which such shares are assessed. C. S., sec. 3097, provides that all real and personal property subject to assessment and taxation must be assessed at its actual cash value. C. S., sec. 3104, provides:

"Sec. 3104. By the term 'value,' 'cash value' or 'full cash value' is meant the value at which the property would be taken in payment of a just debt due from a solvent debtor, or the amount the property would sell for at a voluntary sale made in the ordinary course of business, taken into consideration its earning power when put to the same uses to which property similarly situated is applied."

C. S., sec. 3110, provides:

"Sec. 3110. In ascertaining the value of any property the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion any value or price for which the property would sell at auction or at forced sale, or in the aggregate with all the property in the taxing district; nor, on the other hand, shall he adopt a speculative valuation, or one based upon sales made upon the basis of a small cash payment and instalments payable in the future, but he shall value each article or piece of property by itself and at such sum or price as he believes the same to be fairly worth in money at the time such assessment is made."

These several sections of the statutes must all be construed together. It is evident that the valuation of the stock for purposes of taxation must be based upon its actual value. However, the provisions of C. S., sec. 3298, evidently mean that the actual value shall be the par value of the capital stock paid up plus the surplus and undivided profits less expenses and taxes paid. The legislature evidently considered that this was a fairer method of getting at the actual

value of the stock than by considering the price paid for it on actual sales. The matter is settled by the statute. The trial court therefore erred in admitting evidence of the price brought by the stock, and opinion evidence as to its value and also erred in finding that it had an actual value of $200 per share. Appellant bank furnished a tax statement as provided by C. S., sec. 3298. This showed that its capital stock paid up was $50,000; the amount of its surplus and undivided profits less expenses and taxes paid was $25,506.18, and the full cash value of the capital stock, including surplus and undivided profits, was $76,506.18. No evidence was introduced to dispute the correctness of the figures given in this statement. Therefore according to the statute, the cash value of the capital stock was $76,506.18. The statement showed that the amount of the capital stock actually invested in other property which had been assessed to the bank was $96,306.49. Evidence was introduced to show that part of this property was not assessed to the bank but to another party who had bought it on contract. The court therefore found, and its finding is supported by the evidence, that the actual amount invested in other property assessed to the bank was $86,556.49. The court should have found the amount of the bank's capital, surplus and undivided profits invested in other property assessed to the bank and, if it was all so invested then its capital stock was not subject to assessment. But its other property was subject to assessment on the same basis as all other property. The court erred in concluding that the capital stock should have been assessed on the basis of its sale value. This conclusion makes it unnecessary to pass upon the other specifications of error.

The judgment is reversed and the cause remanded to the district court, with instructions to make findings and enter judgment in accordance with the views herein expressed. Costs are awarded to appellants.

Budge and William A. Lee, JJ., concur.

Wm. E. Lee, J., deeming himself disqualified, did not sit at the hearing and took no part in the decision.