177 P.2d 162

**YOUNG et al. v. BOARD OF COUNTY COMMISSIONERS OF TWIN FALLS COUNTY et al.**

No. 7329.

Supreme Court of Idaho.

Feb. 6, 1947.

James R. Bothwell, of Twin Falls, for appellants.

Everett M. Sweeley and Harry Benoit, both of Twin Falls, and Frank M. Rettig, of Jerome, for respondents.

HOLDEN, Justice.

The Eighteenth Session of the Legislature enacted Chapter 219, S.L.1925, p. 401, now Title 53, Chapter 3, Sections 53-301 to 53-307, I.C.A., inclusive. It provided for making applications for and issuing licenses to operate amusement resorts outside of incorporated cities and villages. Section 53-302 provides: [Section 53-302]. "Application For License.—An application for a license to conduct a public pool or billiard hall, dance hall or amusement resort outside the boundaries of an incorporated city or incorporated village, must be made to the board of county commissioners of the county wherein it is proposed to conduct such business by filing with the clerk of the board such application, at least *twenty days before the meeting at which said application may be heard.* [Not *twenty days before* the *regular meeting* of the board.] The application shall specify the voting precinct within which such pool or billiard hall, dance hall or amusement resort is pro-

posed to be located and said application may be granted or rejected by said board, as hereinafter provided." (Emphasis added.)

March 8, 1946 an application was made under the above-quoted section for a license to operate an amusement resort outside the city of Twin Falls, but in Twin Falls County, signed and verified by Dale Wildman, and filed with the Clerk of the Board of County Commissioners of that county. In the body of the application it stated: "The name of the applicant is Dale Wildman, Tom Callen, O. A. Rambo." And, while the license issued later (April 8, 1946) was to Dale Wildman, neither Callen nor Rambo so named in the application, make any objection. On the day the application was filed the Board set it for hearing for April 5, 1946, being more than twenty days after the application was made.

On the day of the hearing appellants objected to the granting of the application "and filed petitions in protest." At the conclusion of the hearing the matter was continued until the regular session of the Board to meet April 8, 1946. The record discloses that on April 8, 1946, the following proceedings were had:

"Regular April Session

"License For Amusement Resort

Granted

"The Commissioners took under consideration the application of Dale Wildman, Tom Callen and O. A. Rambo, for license to operate an amusement resort, the hearing on which application was held April 5th.

"The objections presented at said hearing and the petitions filed in protest of said amusement resort, were not sufficient to deny granting of the application, according to law as construed by the Prosecuting Attorney. A motion was made by Commissioner Molander that the application of Dale Wildman, Tom Callen and O. A. Rambo for an amusement resort be granted. The motion was seconded by Commissioner Kenyon Green and was unanimously carried."

Thereafter license issued to Dale Wildman and bond given and approved as required by statute.

April 20, 1946, notice of appeal from the action of the Board was filed with the Clerk of the District Court of the Eleventh Judicial District of the State of Idaho, in and for Twin Falls County.

May 1, 1946, respondents moved to dismiss the appeal from the Board of County Commissioners to the District Court, upon the ground that no appeal lies from the action of the Board granting an application for a license to operate an amusement resort. June 8, 1946 judgment of dismissal of the appeal from the action of the Board to the said district court was duly rendered and entered, from which an appeal was prosecuted to this court.

Appellants assign four errors. The first being: "The court erred in holding that

the order of the Board of Commissioners granting a license to Respondent Dale Wildman is not appealable, for the reason that said holding is contrary to law."

If no appeal lies from the order of the Board granting the application and license in question, it will not be necessary to consider appellants' specifications 2, 3 and 4. Hence, we will first discuss and determine the question presented by the above-quoted assignment.

At the first session of the Legislature (S.L.1890-91, p. 33) "An Act to regulate the sale of intoxicating liquors" was passed. It did not provide for an appeal from an order of the Board granting an application for a license to sell liquor. In 1907 (S.L.1907, p. 219) the legislature amended the liquor statute, and by the amendment expressly provided for an appeal. The statute as so amended was later carried into and made a part of the 1909 Idaho Revised Codes. As revised Section 3 of the 1907 amendment became Section 1508 of the Revised Codes. Section 1508 provided: "That when application is made for the sale of intoxicating liquors, as in this section provided, for a place outside of any incorporated city, either upon their own motion or upon objections duly filed upon the part of any citizen and resident of the precinct within which it is intended to carry on such sale, the county commissioners shall determine whether or not the granting of such license will be conducive to the best interests of the community in which such saloon or business is proposed to be established, and whether or not such applicant is a fit person to have such license and carry on said business, and whether or not such place of sale and business will likely be conducted in a quiet, orderly and peaceable manner, and should said board of county commissioners determine adversely to the applicant upon any grounds above specified, the license must be refused and the sheriff shall return the amount deposited to said applicant; otherwise the said license may be granted; *and such order of the board of county commissioners shall be subject to appeal to the District Court as in the case of other orders of said board."* (Emphasis added.)

In enacting Section 1508, supra, the legislature was concerned with the matter of licensing the operation of certain businesses outside incorporated cities, to-wit, saloons, and in enacting Chapter 219, supra, S.L.1925, p. 401, the legislature was also concerned with the matter of licensing the operation of certain businesses outside incorporated cities, to-wit, amusement resorts, so it is not at all surprising the Eighteenth Session (Chapter 219, S.L.1925, p. 401) copied verbatim, Section 1508, supra, substituting "amusement resorts" for "saloons". The pertinent and important fact is, that in copying Section 1508, supra, the legislature *excluded* the provision therein expressly providing for an appeal, as appears from Section 4, now Sec. 53-304, I.C.A., Chapter 219, supra, later

306

carried into and made a part of I.C.A.1932, Volume 3, Chapter 3. We quote: [Section 53-304] "Discretion of board of county commissioners.—When application is made for a license, as herein provided, either upon their own motion or upon objection duly filed upon the part of any citizen and resident of the precinct within which it is proposed to carry on such business, the board of county commissioners shall determine whether or not the granting of such license will be conducive to the best interests of the community in which such business is proposed to be established, and whether or not such applicant is a fit person to be licensed to carry on said business, whether or not such business will likely be conducted in a quiet, orderly and peaceable manner, and should said board of county commissioners determine adversely to the applicant, upon any grounds above specified, the license must be refused and the sheriff shall return the amount deposited to said applicant, otherwise said license shall be granted."

Appellants concede the 1925 statute (Chapter 219, supra) does not provide an appeal from an order of the board granting a license to operate an amusement resort outside of a city, but insist that, nevertheless, "an appeal may be taken from any act, order or proceeding of the board by any person aggrieved thereby whenever such person deems any such act, order or proceeding illegal or prejudicial to the public interests." In support of that contention, our attention is directed to Sections 30-1108 and 30-1111, I.C.A. These sections are part of Chapter 11 covering "County Finances and Claims Against County." So far as pertinent here Section 30-1108, supra (formerly Sec. 1950, Rev. Codes), provides "an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, * * * when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interests; and no such act, order or proceeding whatever, which directly or indirectly renders the county liable for the payment of the sum of $300 or over, or its equivalent, shall be valid until after the expiration of the time allowed for appeal or until such appeal, if taken, shall be finally determined; * * *."

And, so far as pertinent here, Section 30-1111, I.C.A. (formerly Sec. 1953, Rev. Codes), also a part of Chapter 11, supra, dealing with "County Finances and Claims Against County," as above pointed out, provides that "upon the appeal, the matter must be heard anew and the act, order or proceeding so appealed from may be affirmed, reversed or modified; * * *."

Appellants further contend Sullivan v. Board of Commissioners, 22 Idaho 202, 206, 125 P. 191, 192, supports their contention that an appeal lies from an order of the board granting a license to operate an amusement resort and that on appeal the

matter must be heard anew. In that case it appears one John Sullivan made an application to the Board of County Commissioners of Lemhi County, for a license to sell intoxicating liquor at Leadore, in that county, an unincorporated village. The board denied the application for the reason "that the granting of such license would not be conducive to the best interests of the community," and Sullivan thereupon appealed to the District Court. The District Court reversed the action of the board. From the judgment of the District Court reversing the board it appealed. On appeal this court points out that respondent Sullivan contended the clause at the close of Sec. 1508, Revised Codes: "and such order of the board of county commissioners shall be subject to appeal to the district court as in the case of other orders of said board" authorized "an appeal from an order refusing to grant a liquor license, and that upon appeal the matter is heard anew, the same as if it had never been heard before the board of commissioners, and that the district judge hears the matter and determines all the questions that the statute (section 1508) requires the board of commissioners to determine, and that his determination is conclusive on the board. This contention is made on the theory that section 1953 [now Sec. 30-1111, I.C.A., above quoted] applies to appeals of this kind. That section provides that: 'Upon the appeal, the matter must be heard anew and the act, order or finding so appealed from may be affirmed, reversed or modified.' We do not believe that section 1953 was intended to apply to an appeal of this kind. That section was enacted many years before this provision was added to section 1508, authorizing an appeal from the action of the board of commissioners in allowing or rejecting an application for a liquor license. Section 1953 is contained in article 5, title 2, of the Political Code, and that article is dealing with 'county finances and claims against the county.' While the right of appeal applies to all orders made by the board of commissioners as such, it clearly had no reference at the time enacted to orders of the board of commissioners in granting or refusing applications for liquor licenses."

This court held in that case (Sullivan v. Board of Commissioners, supra) Section 1953, Revised Codes, did not apply to appeals taken under Section 1508, Revised Codes, and, further, while the District Court could review any question of law involved in the action of the board denying an application for a license to sell liquor, it had no jurisdiction or authority to review the facts upon which the board exercised its discretion. We quote from the syllabus (by the court) : "Upon an appeal from an order of the board of county commissioners, granting or refusing to grant a liquor license under the provisions of section 1508, Rev. Codes, the district court has jurisdiction to review any question involving the legality of the action of the board in passing on the application, and any question of law which may have

been involved in the application and action taken thereon by such board; but the court has no jurisdiction or authority to examine or review the facts upon which the board exercised its discretion in determining any one of the three questions which section 1508 requires the board to investigate and determine before granting or refusing such application. These questions involve the discretionary power of the board, and that discretion is not conferred upon the courts."

In considering whether, and if so, to what extent, the rule announced in Sullivan v. Board of Commissioners, supra, is applicable to the question now under discussion, it must be kept in mind Section 1508, Rev. Codes, expressly provided for an appeal from an order of a board of county commissioners to the district court, while Chap. 219, supra (S.L.1925, p. 401), providing for the licensing of amusement resorts, did not, and still does not—a most important distinction. And, it should likewise be kept in mind, this court, nevertheless, held, and correctly so, the provisions of Sec. 1953, Rev. Codes, now Sec. 30-1111, supra (which appellants in the case at bar seek to invoke), did not apply. If the provisions of Sec. 1953, supra, would not apply where a statute expressly granted an appeal, it is clear the provisions of Sec. 30-1111, supra, could not apply where, as in this case, the statute (Chapter 219, supra) does not either expressly, or impliedly, or otherwise grant an appeal.

■ Moreover, sections 30-1108 and 30-1111, supra, were enacted many years before Chapter 219, supra (S.L.1925), just as Sec. 1953 (Rev. Codes,) was (quoting the language of the court in Sullivan v. Board of Commissioners, supra) "enacted many years before this [the] provision [granting an appeal] was added to section 1508, authorizing an appeal from the action of the board of commissioners in allowing or rejecting an application for a liquor license." Furthermore, appeals are purely statutory as we held in Haines v. State Insurance Fund, 65 Idaho 450, 456, 145 P.2d 833, 836; "It is well settled that appeals are purely statutory, and that the legislature may provide or deny the right of appeal. This legislative power is granted by the provisions of sec. 13, art. 5, of the State Constitution, and in event the legislature should see fit not to provide any method of appeal or should provide appeals should not be had, the legislative decision is final and conclusive."

■■ That brings us to the controlling question in this case: Did the legislature, not having expressly provided for an appeal by chapter 219, supra (1925 S.L.), impliedly intend to make applicable the provisions of section 1950, Rev.Codes (now sec. 30-1108, supra), granting an appeal from "any act, order or proceeding of the board," as well as and including the provisions of sec. 1953, Rev.Codes (now sec. 30-1111, supra), providing that on appeal "the matter must be heard anew." We have studiously examined chapter 219, supra, with-

out finding anything suggesting such an intention. In ascertaining the intention of the legislature it must be borne in mind it copied verbatim numerous important provisions in section 1508, supra, and that that section expressly granted an appeal, but that the legislature nevertheless *excluded* the appeal clause in that section. The legislature thus made it clear it did not intend to make sections 1950 and 1953, supra (now sections 30-1108 and 30-1111, supra), applicable. Hence, it will not be necessary to discuss appellants' specifications 2, 3 and 4.

The judgment of dismissal is affirmed without prejudice to appellants. Costs awarded to respondents.

BUDGE, C. J., and GIVENS, MILLER and AILSHIE, JJ., concur.