IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 36528

GILTNER DAIRY, LLC,                )
                                   )
    Petitioner-Appellant,          )
                                   )        **Twin Falls, December 2010 Term**
v.                                 )
                                   )        **2011 Opinion No. 33**
JEROME COUNTY,                     )
                                   )        **Filed: March 17, 2011**
    Respondent,                    )
                                   )        **Stephen Kenyon, Clerk**
and                                )
                                   )
93 GOLF RANCH, LLC,                )
                                   )
    Intervenor-Respondent.         )

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, Jerome County. Hon. John K. Butler, District Judge.

The district court order dismissing the petition for review is <u>affirmed</u>.

White Peterson Gigray Rossman Nye & Nichols, Nampa for appellant. David F. Vandervelde argued.

Jerome County Prosecutor's Office, Jerome, for respondent Jerome County. Michael J. Seib argued.

Robertson & Slette, PLLC, Twin Falls, for intervenor/respondent 93 Golf Ranch, LLC. Gary D. Slette argued.

_____

HORTON, Justice

Giltner Dairy operates a dairy adjacent to property owned by 93 Golf Ranch (Golf Ranch). In July 2008, Golf Ranch requested a rezone of its property. The Jerome County commissioners approved the rezone and Giltner Dairy sought judicial review of that decision. The district court dismissed for lack of jurisdiction, finding that this Court's decision in *Highlands Development Corp. v. City of Boise*, 145 Idaho 958, 188 P.3d 900 (2008), precluded the use of I.C. § 67-6521 to allow judicial review of the case, and that the more specific judicial

1

review provisions of the Local Land Use Planning Act (LLUPA, I.C. §§ 67-6501 *et seq.*) controlled over the more general provisions of I.C. § 31-1506. Giltner Dairy now appeals. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Giltner Dairy and Golf Ranch own adjacent parcels of property in Jerome County, Idaho. Prior to the actions leading to this case, both parcels were zoned Agricultural Zone A-1.

> On November 4, 2005, Golf Ranch asked the Jerome County Planning and Zoning Commission to amend the comprehensive plan map to indicate that the suitable projected uses for Golf Ranch's land would be consistent with the A-2 Agricultural zoning designation. That designation is for land that is changing from primarily agricultural activities to more urban activities.

*Giltner Dairy, LLC v. Jerome Cnty. (Giltner Dairy I)*, 145 Idaho 630, 631, 181 P.3d 1238, 1239 (2008). Giltner Dairy challenged that decision and, after the district court dismissed for lack of jurisdiction, this Court affirmed. *Id.* at 633, 181 P.3d at 1241.

In 2008, Golf Ranch filed an application to rezone its property from Agricultural Zone A-1 to Agricultural Zone A-2 and the county approved the application. On January 15, 2009, Giltner Dairy filed a timely petition for judicial review. Golf Ranch moved to dismiss, arguing that the district court did not have jurisdiction. Giltner Dairy argued that the district court had jurisdiction based on I.C. § 67-6521 or, in the alternative, based on I.C. § 31-1506. Following oral argument, the district court found that this Court's holding in *Highlands Development Corp. v. City of Boise*, 145 Idaho 958, 188 P.3d 900 (2008), precluded application of I.C. § 67-6521 and that the specific judicial review provisions for zoning decisions in LLUPA displaced the broad jurisdictional grant in I.C. § 31-1506. Consequently, the district court dismissed Giltner Dairy's petition for judicial review. Giltner Dairy timely appealed.

## II. STANDARD OF REVIEW

"The issue of whether the district court had jurisdiction over this action is one of law, over which this Court exercises free review." *Troupis v. Summer*, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009) (citing *Taylor v. Maile*, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009)). "A party's right to 'appeal' an administrative decision, i.e., to obtain judicial review, is governed by statute." *Burns Holdings, LLC v. Madison Cnty. Bd. of Cnty. Comm'rs*, 147 Idaho 660, 662, 214 P.3d 646, 648 (2009) (citing *Cobbley v. City of Challis*, 143 Idaho 130, 133, 139 P.3d 732, 735 (2006)). Likewise, "[t]he interpretation of a statute is a question of law over which this Court exercises free review." *Neighbors for Responsible Growth v. Kootenai Cnty.*, 147 Idaho 173,

176, 207 P.3d 149, 152 (2009) (citing *State v. Hart*, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001)).

### III. ANALYSIS

**A.    Idaho Code § 31-1506 is supplanted by the judicial review provisions of LLUPA.**

The only question on appeal is a pure question of law: can a party affected by a Board of County Commissioners' decision under LLUPA seek judicial review using the general jurisdictional grant of I.C. § 31-1506 where LLUPA does not explicitly authorize judicial review?

Idaho Code § 31-1506, within the chapter entitled "County Finances and Claims Against County," states:

> (1) Unless otherwise provided by law, judicial review of any act, order or proceeding of the board shall be initiated by any person aggrieved thereby within the same time and in the same manner as provided in chapter 52, title 67, Idaho Code, for judicial review of actions.

Within LLUPA, I.C. § 67-6521 grants the right of judicial review to "affected persons," which, at the time Giltner Dairy sought judicial review, was defined as "one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development." I.C. § 67-6521 (2008).[1] The use of the word permit, the Court has held, precludes judicial review in instances where a zoning application is at issue. *Highlands Development*, 145 Idaho at 961-62, 188 P.3d at 903-04.

Other provisions within LLUPA authorize judicial involvement in matters of land use planning, including Idaho Code § 67-6511(d), which provides that property owners whose zoning status is changed within four years following a zoning determination shall have standing to enforce the provisions of I.C. § 67-6511, and I.C. § 67-6526(b), which allows counties or cities to seek a declaratory judgment "identifying the area of city impact, and plan and ordinance requirements." Idaho Code § 67-6519 and I.C. § 67-6520 authorize judicial review under the procedures described in I.C. § 67-6521.[2] In addition, Jerome County points to I.C. § 67-6510, which provides for mediation, and I.C. § 67-6533(d), allowing restraining orders against

---

[1]  The legislature has since amended I.C. § 67-6521 to include, among other things, requests for rezoning. 2010 Idaho Sess. L. ch. 175, § 3, p. 361.

[2]   Like I.C. § 65-6721, these statutes have since been amended. Idaho Code § 67-6519(1) now includes "applications for zoning changes, subdivisions, variances, special use permits and such other similar applications required or authorized pursuant to this chapter . . ." 2010 Idaho Sess. L. ch. 175, § 1, p. 359.   Idaho Code § 67-6520(1) now authorizes appointment of hearing examiners for "applications for subdivisions, special use permits, variances and requests for rezoning. . . ." 2010 Idaho Sess. L. ch. 175, § 2, p. 360.

businesses selling "obscene materials" near schools, churches, or places of worship, as further evidence that LLUPA's judicial review provisions were intended to be the exclusive statutory bases for judicial review.

This Court has given an expansive reading to I.C. § 31-1506, notwithstanding the fact that the provision is included in a chapter that addresses county finances. *See, e.g.*, *In re Bennion*, 97 Idaho 764, 554 P.2d 942, (1976) (decision approving property development); *Rural High Sch. Dist. No. 1 v. Sch. Dist. No. 37*, 32 Idaho 325, 182 P. 859 (1919) (order changing school district boundaries); *Village of Ilo v. Ramey*, 18 Idaho 642, 112 P. 126 (1910) (order incorporating a village); *Latah Cnty. v. Hasfurther*, 12 Idaho 797, 88 P. 433 (1907) (order opening a private road). However, the prior holdings by this Court do not address the question whether, by providing specific judicial review provisions in LLUPA, the legislature has "otherwise provided" that those provisions are the sole avenues for judicial review.

Giltner Dairy argues that the phrase "[u]nless otherwise provided by law" requires an explicit statement prohibiting judicial review in order for I.C. § 31-1506 to be displaced. Such a narrow view of the provision would be inconsistent with our prior holdings regarding the scope of I.C. § 31-1506. Most notably, in *Young v. Board of Commissioners of Twin Falls County*, 67 Idaho 302, 177 P.2d 162 (1947), this Court examined whether an appeal would lie from a decision denying an application for an amusement park, the process for which was based on the liquor licensing process. The Court found that the district court did not have jurisdiction, reasoning that:

> In ascertaining the intention of the legislature it must be borne in mind it copied verbatim numerous important provisions in [the section addressing liquor licensing], and that that section expressly granted an appeal, but that the legislature nevertheless *excluded* the appeal clause . . . . The legislature thus made it clear it did not intend to make [the general review provisions] applicable.

*Id.* at 309, 177 P.2d at 166. *Young* indicates that the entire statutory scheme must be considered before determining whether the legislature has "otherwise provided" that judicial review shall or shall not lie. Where the statutory scheme indicates that judicial review would otherwise be included, the legislature implicitly limits that review. While not a matter of preemption, whether I.C. § 31-1506 applies revolves around the similar question of whether "despite the lack of specific language . . . the state has acted in the area in such a pervasive manner that it must be assumed that it intended to occupy the entire" subject of judicial review of land use planning decisions. *See Envirosafe Servs. of Idaho, Inc. v. Cnty. of Owyhee*, 112 Idaho 687, 689, 735 P.2d

4

998, 1000 (1987) (considering whether adoption of the Hazardous Waste Management Act of 1983, I.C. §§ 39-4401 – 4432, implicitly preempted regulation by local government entities).

If anything, this case is more clear-cut than *Young*, as *Young* involved a statutory scheme that was silent on the matter of judicial review where LLUPA affirmatively grants judicial review in specific circumstances. The logical inference from LLUPA's statutory scheme is that the legislature intended the judicial review provisions of the Act to be exclusive.

Giltner Dairy has not cited and we have been unable to locate any case that has applied I.C. § 31-1506 to review an action taken under LLUPA. While *In re Bennion* applied the predecessor statute to I.C. § 31-1506 to review the approval of a housing development, the actions in that case occurred in 1974, prior to the enactment of LLUPA in 1975. 97 Idaho at 764-65, 554 P.2d at 942-43. We conclude that LLUPA's judicial review provisions comprise a comprehensive scheme for judicial review and indicate that the legislature has "otherwise provided" a system for review for decisions made under LLUPA.

Our conclusion that LLUPA displaces I.C. § 31-1506 is reinforced by the anomalous result that would occur if we were to adopt the position advocated by Giltner Dairy. Because LLUPA governs both city and county zoning processes, while I.C. § 31-1506 addresses only the decisions of counties, if we were to adopt Giltner Dairy's understanding of these statutes, a rezoning decision would be reviewable when that decision was made by a county but an identical rezoning decision made by a city would not be reviewable. We can discern no logical basis for distinguishing zoning decisions by cities from those by counties for purposes of judicial review.

Prior to the amendments in 2010, the legislature had crafted a statutory scheme that included a variety of provisions for judicial review and different, related provisions that offered no right to judicial review. The logical inference from the structure of LLUPA, both before and after its amendment, is that the legislature intended for it to provide a unified scheme for judicial review.

As the district court properly concluded that I.C. § 31-1506 did not authorize judicial review of the county's zoning decision, we affirm the district court's dismissal of Giltner Dairy's petition for judicial review.

**B.     Because the application of I.C. § 31-1506 to actions under LLUPA is a question of first impression, attorney fees are not warranted.**

Golf Ranch asks the Court to award it attorney fees under I.A.R. 11.2 in the event that it prevails on appeal.

5

> [A] violation of this rule requires the signed notice of appeal, petition, motion, brief or other document to (1) not be well grounded in fact (2) not be warranted by existing law or not be a good faith argument for the extension, modification, or reversal of existing law and (3) to be interposed for an improper purpose.

*Neihart v. Universal Joint Auto Parts, Inc.*, 141 Idaho 801, 803, 118 P.3d 133, 135 (2005) (citing *Painter v. Potlatch Corp.*, 138 Idaho 309, 315, 63 P.3d 435, 441 (2003)). While I.C. § 31-1506 does not apply to the present case, the statute's application is a question of first impression before this Court and there was a good faith basis for Giltner Dairy's argument. We therefore deny Golf Ranch's request for attorney fees.

## IV. CONCLUSION

We find that the judicial review provisions of LLUPA displace the more general grant of jurisdiction in I.C. § 31-1506 and affirm the district court's dismissal of Giltner Dairy's petition for judicial review for lack of jurisdiction. We decline to award attorney fees. Costs to Respondents.

Chief Justice EISMANN and Justices BURDICK and W. JONES **CONCUR**.

J. JONES, J., specially concurring.

I fully concur in the Court's opinion. It appears that Giltner jumped on the wrong horse— I.C. § 31-1506—to obtain judicial review under the Administrative Procedure Act and doggedly continued to ride it even after the Legislature amended I.C. § 67-6521 in its 2010 session to reinstate judicial review of zoning decisions. It is unfortunate for Giltner that its appeal arose during the time that judicial review was made unavailable for zoning decisions but, rather than trying to obtain judicial review under a statutory provision that did not really fit, Giltner could have sought relief in a declaratory judgment action. *See, Burns Holdings, LLC v. Madison County Bd. of Comm'rs,* 147 Idaho 660, 664, 214 P.3d 646, 650 (2009). The Court may share some responsibility for Giltner's dilemma, having made judicial review unavailable under LLUPA for zoning decisions, but the Legislature reinstated the judicial review avenue of relief while this appeal was pending. Once the Legislature made its 2010 amendment, Giltner could have filed a supplemental brief to bring the issue before the Court. Further, it could have seized upon I.C. § 67-6521, as amended, in pursuing its case at oral argument. Instead, although conceding it would not object if the Court considered whether that provision, as amended, allowed judicial review of this case, Giltner continued to steadfastly adhere to its Section 31-

1506 horse. As has happened in those infrequent instances in the distant past where I have tendered a wager on a particular horse, that nag simply did not make it to the finish line.

Had Giltner embraced the amended version of I.C. § 67-6521, I believe it would have been appropriate to apply the same to Giltner's appeal, permitting judicial review of the County's decision. Although the Legislature did not include language in the 2010 amendment to make it retroactive (*see* 2010 Idaho Sess. Laws ch. 175, § 5), the amendment was procedural or remedial in nature and thus could have been applied retroactively. *Bryant v. City of Blackfoot*, 137 Idaho 307, 313, 48 P.3d 636, 642 (2002). "[A] statute is remedial if it does not create, enlarge, diminish or destroy any substantive rights, but merely alters the remedy available for enforcing pre-existing rights." *State ex rel. Wasden v. Daicel Chem. Indus., Ltd.*, 141 Idaho 102, 105, 106 P.3d 428, 431 (2005).

> This Court noted in *Floyd v. Bd. of Comm'rs of Bonneville Cnty.*:
>
> Substantive law prescribes norms for societal conduct and punishments for violations thereof. It thus creates, defines, and regulates primary rights. In contrast, practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.

131 Idaho 234, 238, 953 P.2d 984, 988 (1988) (quoting *State v. Currington*, 108 Idaho 539, 541, 700 P.2d 942, 944 (1985)). This principle applies to amendments as well as the underlying statute. *Nebeker v. Piper Aircraft Corp.*, 113 Idaho 609, 614, 747 P.2d 18, 23 (1987). In this case, the amendment merely reinstated the right of judicial review for zoning decisions, relieving aggrieved parties of the necessity of challenging the decision in a declaratory judgment action. Since the reinstated review mechanism was procedural or remedial in nature, the amended statute could have been applied here, had the Court properly been asked to do so. Failing that request, the Court has correctly disposed of this matter.