INDEPENDENT SCHOOL DISTRICT No. 1, LEMHI COUNTY, IDAHO, Respondent, v. BOARD OF COUNTY COMMISSIONERS OF LEMHI COUNTY, IDAHO, Sitting as a Board of Equalization, Respondent, and PIONEER BANK & TRUST COMPANY, CITIZENS' NATIONAL BANK OF SALMON, LEMHI VALLEY BANK, Appellants.

[251 Pac. 619.]

TAXATION — ASSESSMENT OF BANK SHARES — INVESTMENT OF CAPITAL STOCK IN PROPERTY.

    1. Under C. S., sec. 3297, value of shares of capital stock of banks for purpose of assessment is properly determined by deducting investments in other property from value of capital stock including surplus and undivided profits.

    2. Property acquired by bank in satisfaction of prior indebtedness constitutes actual investment of capital stock for purpose of determining value thereof for tax assessment.

---

Publisher's Note.

    1. Right to deduct value of shares held by corporation in other corporation, see note in 39 A. L. R. 1208.

    2. Deduction, in taxing capital stock, of items separately taxed, see note in 58 L. R. A. 572. See, also, 26 R. C. L. 175.

See Taxation, 37 Cyc., p. 1033, n. 89.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Raymond L. Givens, Judge.

Judgment reversing order of board of equalization. *Reversed.*

E. H. Casterlin, for Appellants.

In valuing shares of capital stock of banks for the purpose of taxation, the shares equal the capital stock, and property otherwise taxable should be deducted. (*Commercial Nat. Bank v. Chambers,* 21 Utah, 324, 61 Pac. 560; *Continental Nat. Bank, etc., v. Naylor,* 54 Utah, 49, 179 Pac. 67; *Scandinavian-American Bank, etc., v. Pierce Co.,* 85 Wash. 348, 148 Pac. 18; *First Nat. Bank, etc., v. Moon,* 102 Kan. 334, 170 Pac. 33, L. R. A. 1918C, 986; *Ranchman's Trust Co. v. Duncan,* 114 Kan. 308, 219 Pac. 523; *People v. Neff,* 29 Misc. Rep. 59, 60 N. Y. Supp. 582; *Jenkins v. Neff,* 186 U. S. 230, 22 Sup. Ct. 905, 46 L. ed. 1140; *Nevada Nat. Bank v. Dodge,* 119 Fed. 57, 56 C. C. A. 145.)

Real estate owned by a bank must be a part of its capital stock. (*State Bank v. Brackenridge,* 7 Blackf. (Ind.) 395.)

L. E. Glennon, for Respondent Ind. School District.

Even though a bank would not be authorized in the first instance to purchase property of a particular character, it may frequently accept such property as security for a loan or indebtedness, or may take it in payment, or part payment, of a past debt in order to save itself from loss. (*State Security Bank v. Hoskins,* 130 Iowa, 339, 106 N. W. 764, 8 L. R. A., N. S., 376; *Battey v. Eureka Bank,* 62 Kan. 384, 63 Pac. 437; *Charlotte First Nat. Bank v. National Exchange Bank,* 92 U. S. 122, 23 L. ed. 679; *Fleckner v. United States Bank,* 22 U. S. 338, 5 L. ed. 631.)

"The value of stock in the hands of the stockholder is measured by the amount of capital, the surplus, and undi-

vided profits of the bank." (*First Nat. Bank of Weiser v. Washington County*, 17 Ida. 306, 105 Pac. 1053.)

The capital and surplus of a bank and the shares into which it is divided are separate and distinct property interests, and it is not double taxation to assess the bank upon the property in which the capital is invested and also assess the shareholders upon the shares held by them. (*Belo v. Forsyth*, 82 N. C. 415, 33 Am. Rep. 688; *Pacific Nat. Bank v. Pierce Co.*, 20 Wash. 675, 56 Pac. 936; *Bank of Commerce v. Tennessee*, 161 U. S. 134, 16 Sup. Ct. 456, 40 L. ed. 645; *Mercantile Nat. Bank v. New York*, 28 Fed. 776, 121 U. S. 138, 7 Sup. Ct. 826, 30 L. ed. 895.)

Francis R. Hall, Jr., for Respondent Board of County Commrs.

The Century Dictionary defines investment as "An investing of money or capital, expenditure for profit, a placing or conversion of capital in a way intended to secure income or profit from its employment." (See, also, *Savings Bank of San Diego County v. Barrett*, 126 Cal. 413, 58 Pac. 914; *Dean v. Hawes*, 29 Cal. App. 689, 157 Pac. 558; *Lumberman's Indemnity Exchange v. State*, 113 Wash. 82, 193 Pac. 217.)

WM. E. LEE, C. J.—The board of county commissioners of Lemhi county, sitting as a board of equalization, ordered the shares of capital stock of three of the county's banks assessed by deducting from the value of the capital stock the amount thereof invested in other property owned by them, respectively, in Lemhi county. The city of Salmon and Independent School District No. 1 of Lemhi county separately appealed from the order. The district court reversed the order of the board of equalization. The effect of the judgment of the district court was that no deduction be allowed from the value of the capital stock other than for bank buildings, furniture and fixtures.

According to the "annual bank tax statement" filed by the Citizens' National Bank, in pursuance of C. S., sec.

3298, the full cash value of such capital stock, actually invested in or represented by other property separately assessed, was $58,011.58. This left $46,184.88, on which the board ordered the capital stock assessed. In addition to the banking-house, with its furnishings and fixtures, the item of $58,011.58 included real property of the value $29,090.81, in Lemhi county, acquired in satisfaction of prior indebtedness to the bank.

The cause was submitted to the trial court on an agreed statement of facts and on the "annual bank tax statement." The agreed statement was adopted as the findings of fact. Among other findings, the court found that the bank had been and then was carrying the real estate on its books as a part of the capital stock investment. In view of the fact that the court had before it the sworn "annual bank tax statement," which represented that "the amount included in the valuation of such capital stock, which is actually invested in or represented by other property which has been assessed . . . . $29,090.81 . . . . ," and the further fact that the court did not find that such "other property" was not a part of the capital stock invested, it is reasonable to conclude that the court in effect found that $29,090.81 of the capital stock of the bank was invested in this "other property."

[1] C. S., sec. 3297, provides for the assessment of shares of capital stock of banks uniformly with all other property assessed in the county. Seemingly, in order to effect such uniform assessment and prevent double taxation, the same section provides that no assessment shall be made on the part of such capital stock "actually invested in and represented by other property owned by and standing upon the records of the county wherein such shares of capital stock are assessed and entered for taxation in said county for the said year, which part shall be deducted from the value, . . . . " No distinction is here made between a banking-house and property acquired by the bank in payment of debts due it, and no reason is apparent why there should be any distinction. The bank is permitted to acquire and

own its banking building just as it is permitted to take title to real property in payment of debts due it. It is the law that the part of the bank's capital invested in "other property," belonging to the bank and assessed for taxation, should be deducted from the capital stock. Had it been the intention of the law makers to limit such deduction to the banking-house, furniture and fixtures, it would have been expressed.

[2] But it is said that the bank's capital stock is not *"actually invested"* in property acquired in payment of debts due it. Granting that it may not have been intended to invest any portion of the bank's funds in the particular property when the money was originally loaned, however, having taken title to the property on failure to repay the loan, the bank was faced with a condition of having its money tied up in "other property." Under such a condition, it is not too much to say that the bank's money is invested. The men who enacted the section of the statute in question knew that in actual banking operations debts due banks are frequently satisfied by direct conveyances and purchases of property at foreclosure. So, in order to avoid taxing shares of the capital stock and also taxing the property which represented a portion of the capital stock, the legislature enacted that the "other property" be taxed but the portion of the capital stock invested in such "other property" be not taxed.

In *Weiser Nat. Bank v. Washington County*, 30 Ida. 332, 164 Pac. 1014, the lower court allowed a deduction from the capital stock, surplus and undivided profits, in addition to that represented by the banking building, furnishings and fixtures, of $4,350 for real property acquired by the bank in Washington county. The decision was affirmed.

In *Washington County v. First Nat. Bank*, 35 Ida. 438, 206 Pac. 1054, while the identical question was not directly passed on, deduction was allowed for so much of the capital stock, surplus and undivided profits as was invested in or represented by real property of the bank which had been separately assessed, and it was held that the amount de-

43 Idaho—19

ducted should be that part of the capital stock invested in such other property.

In *First Nat. Bank v. Board of Commrs.*, 40 Ida. 391, 232 Pac. 905, deduction from the capital stock was made for so much thereof as was actually invested in other property. In this case deduction for an amount of the capital stock invested in a farm was disallowed because the farm was assessed to another who had bought it on contract from the bank. In fairness to the trial court, it should be stated that ·the foregoing decision was published after this judgment was entered.

It necessarily follows from our statutes, as they have been interpreted, that the value of the shares of the capital stock of a bank, for the purpose of assessment, is properly determined by deducting that portion invested in other property which both belongs and is assessed to the bank from the value of the capital stock, including surplus and undivided profits.

The order of the board of equalization and the judgment determine the assessment of three banks: Citizens' National Bank, Pioneer Bank & Trust Company and Lemhi Valley Bank. Except as to amounts, the facts relating to the three banks are identical. The conclusion with respect to the assessment of the Citizens' National Bank, therefore, applies to the other banks.

Judgment reversed. Costs to appellant.

Budge, Taylor and T. Bailey Lee, JJ., concur.