(November 18, 1910.)

VILLAGE OF ILO et al., Appellants, v. W. J. RAMEY et al., Respondents.

.[112 Pac. 126.]

INCORPORATION OF VILLAGE—BOARD OF COUNTY COMMISSIONERS—APPEAL FROM ORDER OF—TAXPAYER—PUBLIC INTEREST—APPEAL TO JUDGE— TRIAL BY COURT—FINDING OF FACT—SUFFICIENCY OF EVIDENCE.

(Syllabus by the court.)

1. Under the provisions of sec. 1950, Rev. Codes, an appeal may be taken from any act, order or proceeding of the board of county commissioners by any person aggrieved thereby or by any taxpayer of the county when he deems any such act, order or proceeding illegal or prejudicial to public interest.

2. *Held,* under the provisions of said sec. 1950, that appellants had the right to appeal from an order of the board of county commissioners incorporating the village of Ilo.

3. Under the provisions of sec. 1951, Rev. Codes, an appeal may be taken to the district court or a judge thereof, and such appeal may be tried either by the court or the judge.

4. *Held,* that the evidence is not sufficient to sustain the finding of the court that there were not 200 actual residents within the corporate limits of said village at the time of filing the petition for incorporation and at the time of making the order of the board incorporating said town.

5. If a person has established an actual residence in a town or village, his temporary absence therefrom would not forfeit such residence.

6. The provisions of sec. 2222, Rev. Codes, authorizing the incorporation of a village must be liberally construed.

APPEAL from the District Court of the Second Judicial District, for Nez Perce County. Hon. Edgar C. Steele, Judge.

Proceeding involving the order of the board of county commissioners in incorporating the village of Ilo. Order reversed by the district court on appeal. *Reversed.*

G. Orr McMinimy, and Ben F. Tweedy, for Appellants.

"The word 'aggrieved' refers to a substantial grievance; the denial to the party of some claim of right, either of property or of person, or the imposition upon him of some burden or obligation." (*In re Mackay's Estate,* 44 Colo. 79, 102 Pac. 1088, 1089, 23 L. R. A., N. S., 1207.)

"In legal acceptation a party is aggrieved by a judgment or decree when it operates on his rights of property, or bears directly upon his interest." (2 Cyc. 633.)

Sec. 1950 evidently includes the words "or by any taxpayer of the county when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interest," because it had been held by numerous courts that such taxpayer had no right of appeal as the party "aggrieved," which holding is made by the following courts, to wit: *Chandler v. Railroad Commrs.,* 141 Mass. 213, 5 N. E. 507; *Carey v. Justices,* 5 Sneed (Tenn.), 515; *Obion County Court v. Marr,* 8 Humph. (Tenn.) 634; *Hunter v. Campbell County,* 7 Cold. (Tenn.) 49.

The only reasonable construction of sec. 1950 is that it extends to and confers upon "persons aggrieved" the right of appeal, and confers the right of appeal upon no person who is not aggrieved by the act, order or proceeding of the board, and who has no interest in the subject matter of appeal.

"Under such statutes the appellant must possess the same appealable interest in the subject matter as at the common law." (2 Ency. Pl. & Pr. 170, and authorities cited in note one (1).)

"The proceedings of the board of county commissioners, under the statute, in the incorporation of said town are com-

manded by said sec. 4 to be liberally construed with the view to effect the intended object." (*State v. Pocatello*, 2 Ida. 908, 28 Pac. 411; *State v. Steunenberg*, 5 Ida. 1, 45 Pac. 462.)

The legislature must have enacted sec. 2222 with reference to the judicial definitions of such words as "actual," "domicile," "inhabitant," "resident." For a full consideration of each of these words we cite the definitions of the courts: 7 Words & Phrases, commencing at page 6161, vol. 3, commencing at page 2168, vol. 1, commencing at page 151, vol. 3, at page 2179, "Domicile by Operation of Law."

The husband has the right and authority to choose the domicile for his wife and minor children, and wherever his domicile is shown to be, the law presumes that that is their domicile also. The husband, to change the domicile, need not move his family to his new domicile but may leave them in the former domicile temporarily. (14 Cyc. 855; 4 Ency. of Evidence, 851, 852.)

The absence from Ilo for purposes of business, pleasure, visiting, etc., will not change the "actual residence" in Ilo to the new abode. (14 Cyc. 841, 842.)

Chas. L. McDonald, for Respondents.

An appeal lies from an order of the board of county commissioners establishing a municipal corporation. (*Reynolds v. County Commrs.*, 6 Ida. 787, 59 Pac. 730; *School District No. 25 v. Rice*, 11 Ida. 99, 81 Pac. 155; *City of Wardner v. Pelkes*, 8 Ida. 333, 69 Pac. 64; *Gardner v. Blaine County*, 15 Ida. 698, 99 Pac. 826.)

Had the legislature intended to restrict the right of appeal from an order establishing a municipal corporation to those residing within the boundaries of the proposed corporation, it would, as it did relative to the good road district, sec. 1051, Rev. Codes, say so in direct terms, and not having done so, we must conclude that the general statute on appeals applies.

Nowhere in the bill of exceptions is any specification of particulars wherein the evidence is insufficient to support the findings and judgment, and this court has repeatedly held that without such specifications it will not review the testimony in

order to ascertain if it is sufficient to support the findings. (*Humphrey v. Whitney,* 17 Ida. 14, 103 Pac. 389.)

SULLIVAN, C. J.—This proceeding involves the action of the board of county commissioners of Nez Perce county in the incorporation of the village of Ilo. The proceedings for the incorporation of said village were commenced under the provisions of sec. 2222, Rev. Codes, which provides, among other things, as follows:

"That whenever a majority of the taxable inhabitants of any town or village, not heretofore incorporated under any law of this state, shall present a petition to the county board of the· county in which said petitioners reside, praying that they may be incorporated as a village, designating the name they wish to assume and the metes and bounds of the proposed village; and if such county board, or a majority of the members thereof, shall be satisfied that a majority of the taxable inhabitants of the proposed village have signed such petition, and that inhabitants to the number of two hundred or more are actual residents of the territory described in the petition, the said board shall declare the said proposed village incorporated, entering the order of incorporation upon their records, and designating the metes and bounds thereof."

The proceedings were instituted by filing a proper petition with the said board of county commissioners, containing the signatures of a majority of the taxable inhabitants of said village, and praying for an order incorporating said village as a municipal corporation. The prayer of the petition was granted and an order entered incorporating said village. From that order the respondents, who were not residents of the territory included within the limits of said village, but were residents of a rival town near by in the same county, appealed from said order to the judge of the district court of the second judicial district for Nez Perce county. At the hearing on the appeal, a demurrer to the notice of appeal and a motion to dismiss were filed and overruled by the court. Thereafter an answer was filed by the petitioners for the incorporation of said village, and the main issue presented to

the trial court was whether on the 15th day of April, 1909, there were 200 or more actual residents in the territory described in the petition for incorporation. After hearing the evidence the court reversed the order of the board incorporating said village, on the ground that there were not 200 actual residents within the territory described in said petition, and this appeal is from the order reversing the action of said board.

Appellants assign a number of errors which may be considered under four heads. The first is that no appeal lies from the order of the board of county commissioners establishing a municipal corporation. There is nothing in that contention, for under the provisions of sec. 1950, Rev. Codes, "An appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interests." That section gives the right of appeal to any person who deems any order or proceeding of the board illegal or prejudicial to the public interest. The respondents are taxpayers of Nez Perce county, and they declare that they deem the act incorporating said village illegal and prejudicial to the public interests. As a general rule, no person except one aggrieved or having some interest in litigation has any right to appeal. That section of the statute, however, authorizes an appeal to be taken by a taxpayer in the county from any order which he may deem prejudicial to the public interest. The wisdom of permitting a person to appeal from an order incorporating a village by one who is not a resident within the territory of such village is a matter to be determined by the legislature, and they have determined it by the provisions of said section 1950, and this court cannot question the wisdom of the legislature in that matter, but must declare the law as it is written. (*Reynolds v. Board of County Commrs.*, 6 Ida. 787, 59 Pac. 730; *School Dist. v. Rice*, 11 Ida. 99, 81 Pac. 155. See, also, *Gardner v. Blaine Co.*, 15 Ida. 698, 99 Pac. 826.)

The next error assigned is to the effect that the appeal was taken to the judge of the district court instead of the district court, and no right existed to hear evidence on the facts or to reverse the order of the board. Sec. 1951, referring to appeals that may be taken under said sec. 1950, provides that such appeals may be taken to the district court or a judge thereof, and under that provision, if the appeal is taken to the judge instead of the court, either the judge or the court may try the matter *de novo* in case a determination thereof requires a trial. Such assignment is without merit.

The next error assigned is that the court erred in finding from the evidence submitted that there were not 200 actual residents within the corporate limits of said village at the time of filing the petition and making said order by the board. The determination of that question involves a review of the evidence, and it is contended by counsel for respondent that the specification of error in regard to the insufficiency of the evidence is not sufficient to authorize this court to review the evidence. We cannot agree with that contention. Nearly all of the evidence introduced at the hearing was in regard to the number of inhabitants residing within the limits of said village, and the court based its decision upon the ground that said territory did not contain 200 actual residents at the time said order was made, and held for that reason said board was without jurisdiction to make said order. The assignment of error is sufficient to authorize the court to review the evidence upon that question. One witness on behalf of respondents testified that "he thought" he was acquainted with all of the people in Ilo; that he did not know definitely that he was, and that a number of the persons claimed by appellants to have been actual residents of Ilo on the 15th of April, 1909, were not such residents. In response to the question, "What do you consider residence?" he testified as follows: "Well, I consider when a person moves to a place with the intention of making that place their home, and lived there long enough to be a qualified voter, a qualified elector of that precinct, that they have established their residence." The answer to that question clearly indicates upon what theory the witness testi-

fied that certain persons were not residents of said town, and that he clearly misinterpreted the term "actual residents" as used in said sec. 2222. Another witness testified that he worked in a store in Vollmer, and that his occupation caused him to go around the town of Ilo, and that he delivered merchandise around that town, and stated: "From my knowledge of the town, there were not 200 actual residents in these boundaries on April 15th." Taking his evidence as a whole, it clearly shows that this witness was guessing at the number of inhabitants there; whereas three witnesses on behalf of the village testified that the territory included in said town of Ilo had exceeding 200 "actual residents" on the 15th of April, 1909, and also presented a census list giving the names and the number of inhabitants. We do not think a mere guess by a witness is sufficient to make a substantial conflict in the evidence where three witnesses testify positively that there were more than 200 actual residents within the confines of the territory sought to be incorporated. (*Idaho Mercantile Co. v. Kalanquin*, 8 Ida. 101, 66 Pac. 933; *Wilson v. Vogeler*, 10 Ida. 599, 79 Pac. 508; *Branson v. Caruthers*, 49 Cal. 374; *Field v. Shorb*, 99 Cal. 661, 34 Pac. 504.)

The fourth assignment of error is to the effect that the court erred in finding that there were not 200 actual residents within the corporate limits of said village. Considerable testimony was taken whereby it was attempted to show that certain persons were not "actual" residents within the corporate limits of the town on April 15, 1909, but if a person were an inhabitant—an actual resident—of the town of Ilo on April 15, 1909, his temporary absence would not change his residence. It is a well-recognized rule of law that the domicile of a married woman follows that of her husband as well as the domicile of the minor child, and a temporary absence would not be sufficient to cause them to lose their actual residence in a town.

The provisions of said sec. 2222 authorizing the incorporation of villages should be liberally construed, and we are satisfied from the whole record that the decision of the court setting aside the order of the board incorporating said village

must be set aside, and it is so ordered, and the cause remanded to the trial court, with instructions to affirm the order of said board incorporating said village of Ilo.

Costs of this appeal are awarded to the appellants.

Ailshie, J., concurs.