680 P.2d 537

**Kenneth L. HUBBARD, dba Hub's K Bar Beverage,**
Petitioner-appellant-respondent,

v.

**CANYON COUNTY COMMISSIONERS,**
**Del Hobza and Carlos Bledsoe,**
Defendants-respondents-appellants.

No. 14944

Supreme Court of Idaho.

April 19, 1984.

Richard L. Harris, Canyon County Pros. Atty., Charles L. Saari, Caldwell, for defendants-respondents-appellants.

Bruce O. Robinson, Nampa, for petitioner-appellant-respondent.

BAKES, Justice.

Appellant Canyon County Commission appeals from a district court decision reversing an order of the commission which denied the renewal of respondent's 1982 beer and wine license. We reverse the decision of the district court.

Respondent had held several different beer licenses prior to his application for a 1982 license. Prior to 1977, respondent owned and operated a tavern near Lake Lowell and held licenses for that operation. In 1977 he obtained a state license and in 1979 and 1980 he obtained state and Canyon County licenses for the package sale of beer at a 12th Street location, although he did not actually sell beer at that location during those years. In late 1980 and 1981, without obtaining the required building permit, respondent remodeled the inside of an existing structure at the 12th Street location to accommodate a tavern operation. Then in 1981, respondent obtained a 1981 state and county license for the sale of beer and wine by the drink and in October, 1981, opened for business at the 12th Street location.

Respondent applied for renewal of his county retail beer and wine license for

1982. On December 8, 1981, the Canyon County Commission served notice that a hearing on denial of that application would be held. The grounds for denial were that respondent's business was "in violation of Sections 1.6 and 4.4 of the 1979 Zoning Ordinance of Canyon County" and that the location of the tavern was unlawful, in violation of county zoning ordinances in that the "location is zoned rural residential." A hearing was held, and on January 27, 1982, the board of commissioners issued its decision denying the application for renewal of respondent's license based both upon oral evidence of respondent's violation of the zoning ordinance, and notice of the ordinance itself.

The commission's decision was appealed to the district court. The district court heard the matter as an appeal rather than de novo, see I.R.C.P. 83(j), then filed its order reversing the decision of the commission, citing the three reasons that (1) there was no competent evidence that any zoning regulation was violated because judicial notice could not be taken of the zoning ordinance; (2) equitable and quasi-estoppel should be applied; and (3) if there did exist a zoning ordinance, the commission's actions constituted an implied variance of those ordinances.

■ We review this case as an appellate body, as did the district court. As such, the evidence must be viewed in a light most favorable to the decision of the lower fact-finding body, in this case the Canyon County Commission. Both parties concur that the APA, I.C. § 67-5215(g)(5), is applicable, and that review of this administrative decision is limited to a determination of whether there was substantial competent evidence to support the decision of the board. In this respect, the district court erred in ruling that there was no evidence to support the fact that a zoning violation occurred. Three witnesses testified orally without objection before the board that the area where respondent was operating a tavern was zoned rural residential. One of the witnesses, George Ottens, administrator of the Canyon County Planning and Zoning Department, after noting that he was familiar with the zoning of respondent's property and what uses are allowed under the ordinance in that particular zone area, testified that neither taverns, bars, nor retail sales of any type are allowed uses in a rural residential zone. Furthermore, under the APA, I.C. § 67-5210(4), the county commission is entitled to take judicial notice of its own county ordinances dealing with planning and zoning, and the district court erred in concluding otherwise. The district court erred when it concluded that there was no competent evidence to support the decision of the commission.

■ In its review the district court further held that on the facts presented here the county was estopped as a matter of law to deny a license to respondent. That holding is contrary to our decision in Harrell v. City of Lewiston, 95 Idaho 243, 506 P.2d 470 (1973), wherein we held under similar circumstances that a governmental entity was not estopped when acting in a governmental capacity in the exercise of its police power, particularly regarding the enactment and enforcement of zoning regulations. Thus, the district court erred in concluding that the county was estopped to assert the violation of its own zoning regulations as grounds for denial of the application to renew the licenses.

■ Finally, the district court ruled that the actions of the county constituted an implied variance of the zoning laws. This ruling is also erroneous in that imposition of such an implied variance by the court on appeal in this proceeding and on the record would be contrary to both the ordinances of the Canyon County planning and zoning scheme and the Local Planning Act, codified at I.C. § 67-6501 et seq. Cooper v. Board of County Comm'rs, 101 Idaho 407, 614 P.2d 947 (1980).

The judgment of the district court is reversed. Costs to appellant. No attorney fees awarded on appeal.

DONALDSON, C.J., and HUNTLEY, J., concur.

438

SHEPARD, Justice, concurring and dissenting:

I do not agree with that portion of the majority opinion which holds that the district court erred in ruling that the county herein was estopped. Admittedly, the holding of the majority is based upon *Harrell v. City of Lewiston*, 95 Idaho 243, 506 P.2d 470 (1973). However, I continue to view the holding in *Harrell* as erroneous.

As to the holding of the majority which is primarily based upon the doctrine of judicial notice of certain zoning ordinances of Canyon County, I also disagree. However, in the record before the Court are the actual ordinances which demonstrate that the respondent's property was being put to a use forbidden under those ordinances. Hence, I concur in the result obtained by that portion of the majority opinion.

BISTLINE, J., concurs.