718 P.2d 1267

**Peter K. CHRISTLE, Plaintiff-Counter Defendant-Respondent,**

**v.**

**Bruce A. SCOTT and Ruby A. Scott, husband and wife, Defendants-Counter Claimants-Cross Claimants-Appellants,**

**v.**

**NORTHERN VENTURES, INC., an Idaho corporation, Defendant-Cross Defendant.**

**No. 15782.**

Court of Appeals of Idaho.

May 6, 1986.

William B. Taylor, Jr., Grangeville, for defendants-counter claimants-cross claimants-appellants.

Peter K. Christle, Kamiah, pro se.

Before WALTERS, C.J., SWANSTROM, J. and McFADDEN, J. Pro Tem.

PER CURIAM.

This case is a quiet title action brought by Peter Christle. After a non-jury trial, the district court quieted title to the disputed land in Christle. On appeal, the Scotts' assignment of errors can be consolidated into two issues: (1) whether the trial court erred in not granting the Scotts a prescriptive easement across the Christle property, and (2) whether the trial court erred in not granting title to the Scotts to certain portions of the land they claimed under the theory of adverse possession. We affirm.

A review of the record reveals the following facts. In 1979, Christle purchased approximately thirty acres of land in Idaho County. Christle, living in Minnesota at the time of the purchase, arrived at his newly acquired property in 1980 to find that Scott, his neighbor, had bulldozed and cleared an old road on the property. Scott asserted that he had an easement across Christle's property for access to his land which was adjacent to the Christle property. Scott claimed that he and his predecessors in title had always used the road, and that he intended to continue using it. Scott also claimed that an old fence which separated portions of his and Christle's property was the boundary between the parcels of land. A survey showed the fence was not on the boundary line, and that portions of Christle's property were on the Scotts' side of the fence. Christle, disagreeing with these claims, brought a quiet title action. After trial, the district court found that the Scotts had no prescriptive easement across Christle's land, that the fence was not the true boundary between the parcels of land, and that the Scotts had not adversely possessed any of Christle's property. The district court accordingly quieted title in Christle.

The Scotts' first issue on appeal concerns whether the court erred in not ruling that Scott has a prescriptive roadway easement across Christle's land. A claimant, in order to acquire a prescriptive easement in Idaho, must present clear and convincing evidence of open, notorious, continuous, uninterrupted use, under a claim of right, for a period of five years, all with the knowledge of the owner of the servient estate. I.C. § 5–203; *State ex rel. Haman v. Fox,* 100 Idaho 140, 594 P.2d 1093 (1979); *West v. Smith,* 95 Idaho 550, 511 P.2d 1326 (1973); *Kaupp v. City of Hailey,* 110 Idaho 337, 715 P.2d

1007 (Ct.App.1986). A prescriptive right cannot be obtained if use of the servient estate is by permission of the owner. *Haman*, 100 Idaho at 143, 594 P.2d at 1096. The general rule is that where no evidence is presented to establish how the use began, a presumption arises that the use was adverse and under claim of right. *West*, 95 Idaho at 557, 511 P.2d at 1333. The owner of the servient estate must then rebut that presumption by showing the use was "permissive, or by virtue of a license, contract, or agreement." *Id.* However, if the lands of the servient estate are wild, unenclosed, or unimproved, it is presumed that the use was permissive. *West*, 95 Idaho at 557 n. 32, 511 P.2d at 1333 n. 32.

■ Here, no evidence was presented at trial as to how use of the disputed road began. It was established that the Scotts' predecessors in interest had begun using the road possibly as early as the 1930's. The trial court found that the Christle land was "unimproved, wild, and remote." Accordingly, there was a presumption of permissiveness. On appeal, the Scotts urge us to reverse that finding. However, the record clearly establishes that such a characterization of the land was accurate. We note that the trial judge in this case conducted an on-site inspection of the land, prior to characterizing the land—in his findings—as unimproved, wild, and remote. Findings by the trial court, if supported by substantial and competent evidence in the record, will not be disturbed on appeal. I.R.C.P. 52(a); *Haman*, 100 Idaho at 144, 594 P.2d at 1097.

■ In addition to the presumption of permissive use, evidence was submitted which supports a finding of permissive use. For example, in response to questions from the court, the defendant, Bruce Scott, testified that he originally thought there was a recorded easement across the Christle land. He also testified that since he had begun using the road in 1944, he had never thought he was using the road in der-ogation of anyone's rights, that he never thought that he was in any way trespassing on the property, and that his use had never interfered in any way with anyone else's use of the Christle property. Testimony by one of the Scotts' predecessors in interest indicated that he had asked and received permission to use the disputed road and, as far as he knew, that was the agreement handed down from year to year. A former tenant of the Christle property testified that Scott never asked him for permission to use the road. He testified that he assumed the Scotts—like other people who had previously owned the Scott property—were permitted to use the road. That same tenant testified that he had at one time put a lock on a gate into the property to keep people out, but that he gave Scott a key to the lock so Scott could use the road.

■ On Scotts' claim against Christle's property by adverse possession, the record reflects similar evidence. Obviously, any claim of title under an adverse possession theory involves a showing of adverse use. The record is devoid of any evidence of adverse use of the land. All parties agreed that the fence was not on the true surveyed boundary between the properties. Mr. Scott's argument was essentially that the fence had always been there, and therefore, that is where the boundary should be. However, the evidence indicated that the fence's location was a matter of convenience, winding and meandering according to the lay of the land. For instance, the fence at one point curved around the corner separating the two properties. The evidence also shows that the fence was used as a livestock fence rather than as a boundary fence. In summary, there is no evidence whatsoever that use of the land by the Scotts or by their predecessors was adverse to Christle or his predecessors in title.

The judgment is affirmed. Costs to respondent, Christle. No attorney fees on appeal. *See Curtis v. Campbell*, 105 Idaho 705, 672 P.2d 1035 (1983).