763 P.2d 313

**Wayne A. FOX, Plaintiff–Appellant,**

v.

**BOARD OF COUNTY·COMMISSION-ERS, BOUNDARY COUNTY, State of Idaho, Defendants–Respondents.**

No. 16713.

Court of Appeals of Idaho.

Oct. 12, 1988.

Petition for Review Denied
Nov. 18, 1988.

William H. McAdam, Jr., Sandpoint, for plaintiff-appellant.

Virginia Moore, Boundary County Pros. Atty's. Office, Bonners Ferry, for defendants-respondents.

## SUBSTITUTE OPINION

The Court's prior opinion, dated April 4, 1988, is hereby withdrawn.

### PER CURIAM.

Wayne Fox petitioned for judicial review of the Boundary County Board of County Commissioners' decision to renew beer licenses for two taverns. The district court dismissed the petition as untimely. Fox has appealed. We are presented with an issue of procedure. We must determine whether Fox had to file the action in district court within twenty days of the commissioners' decision under I.C. § 31–1509, or within sixty days under I.C. § 23–1015(3) pursuant to the Administrative Procedure Act. For reasons explained below, we affirm the order of dismissal.

In December 1985 the Board of County Commissioners met in regular session, open to the public, during which they considered whether to grant beer license renewals to several taverns. Wayne Fox attended the meeting and voiced objections to the license renewals of the Last Chance Saloon and the Top Idaho Bar. Fox complained of the noise and litter generated by these two taverns located near his farm. He asserted that the taverns were not in compliance with county zoning laws; therefore, he argued, they were not eligible for beer licenses. By an order dated December 30, 1985, the commissioners granted license renewals for several taverns, including the Last Chance Saloon and the Top Idaho Bar. This order was published on January 16, 1986, in the *Bonners Ferry Herald*, the local newspaper. On February 10, twenty-five days following publication, Fox petitioned the district court for judicial review of the commissioners' decision.

During the first court hearing on this matter, there was some discussion concerning whether the action was to be handled as a trial *de novo* or as a petition for judicial review under the Administrative Procedure Act (APA). Counsel for both sides agreed to conduct the matter pursuant to the APA. The district judge stated that the action would be treated as an "appeal" under the APA, though he expressed some reservations about treating the matter as such. Particularly, the judge was concerned with Fox's standing to bring the action. Later, the judge issued a conditional order dismissing Fox's "appeal." The judge determined that the APA did not apply to this action, but that I.C. § 31–1509 did. As noted by the judge, I.C. § 31–1509, allows a taxpayer to appeal "any act, order or proceeding of the board" when the taxpayer deems such "act, order or proceeding illegal or prejudicial to the public interests." The appeal, however, must be brought within twenty days after publication of the commissioners' decision. The judge's focus on I.C. § 31–1509 was debated in briefs submitted by both sides in response to the conditional order. The judge then entered a final order dismissing

Fox's appeal as untimely under I.C. § 31–1509. Fox brought the instant appeal.

■ We first address the question whether Fox was entitled to judicial review of the county's action under the APA. The county acted under its beer licensing ordinance, Boundary County Ordinance No. 83–17, which is practically identical to the statute governing county licensing procedures, I.C. § 23–1015. Fox notes that both the ordinance and the statute provide for judicial review under the APA. However, they accord such review only to the "applicants" for licenses. The statutory language, subpart (3) of I.C. § 23–1015, is as follows:

> An *applicant denied a license*, transfer *or renewal thereof* or aggrieved by a decision of the board of county commissioners pursuant to this section may, within sixty (60) days, after all remedies have been exhausted under county ordinances or procedures, seek judicial review under the procedures provided in sections 67–5215 and 67–5216, Idaho Code. For the purposes of sections 67–5215 and 67–5216, Idaho Code, and of this section, a county shall be construed to mean an agency. [Emphasis added.]

Fox argues first that this language by itself gives not only an "applicant" but also someone who is "aggrieved by a decision of the board" the right to seek judicial review under the APA. The problem with this argument is that although the APA recognizes that any "aggrieved" person may seek review, such recognition does not exist in the ordinance or the statute which provide the right of review, and which are the only gateways to the APA, in this case. We think the ordinance and statute clearly limit such a right to an "applicant [who has been] denied a license, ... or renewal thereof or aggrieved by a decision of the board...."

Fox argues, however, that I.C. § 23–1015(3) makes the county an "agency" for the purposes of sections 67–5215 and 67–5216 of the APA. He then points to the language of I.C. § 67–5215(a) which says: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case of an agency ... is entitled to judicial review under this act [APA]."

Idaho Code § 67–5215 does not provide Fox with his own key for gaining access to judicial review under the APA. The "key" is provided—if at all—by various statutes outside the APA describing the agencies and their functions that are subject to judicial review under the APA. In this case, as we have noted, I.C. § 23–1015 defines a county as an agency for the purposes of county beer licensing procedures. However, the same statute explicitly limits the right of judicial review under the APA to "an applicant [who is] denied a license ... renewal." Fox urges that *Hubbard v. Canyon County Commissioners*, 106 Idaho 436, 680 P.2d 537 (1984), is authority for his position. *Hubbard*, however, involved the use of the APA by an *applicant* who was denied a beer license. Fox is a taxpayer and a property owner who is presenting his views in a public forum. He professes to be "aggrieved" by the granting of the license renewals. That may be, but he has not been given access to the APA. His judicial remedies lie elsewhere. Rather than simply dismissing Fox's petition, the district court elected to treat it as a notice of appeal from the board's decision under I.C. § 31–1509.

■ We now determine whether the district court was correct in applying the provisions of I.C. § 31–1509 to this action. That statute provides a limited right of appeal from any act, order or proceeding of the Board of County Commissioners. As noted, such an appeal must be brought within twenty days after the first publication of the commissioners' decision, or statement, as required by I.C. § 31–819. Fox submits that I.C. § 31–1509 is inapplicable because its narrow scope pertains to county finances and claims against the county. Fox further submits that if I.C. § 31–1509 is applicable, the time limitation for appeal must be tolled because the publication lacks a required financial summary. We first examine the applicability of I.C. § 31–1509 to the situation before us.

At first glance, I.C. § 31–1509 might appear to be specifically tailored to appeals from the Board of County Commissioners' decisions on county finances and claims against the county. However, a close reading discloses no language explicitly limiting the statute to such appeals. Indeed, the case-law history of the statute reveals that appeals have been allowed from a broad spectrum of decisions and orders. *See Application of Bennion,* 97 Idaho 764, 554 P.2d 942, (1976) (decision approving property development); *Rural High School Dist. No. 1 v. School Dist. No. 37,* 32 Idaho 325, 182 P. 859 (1919) (order changing school district boundaries); *Village of Ilo v. Ramey,* 18 Idaho 642, 112 P. 126 (1910) (order incorporating a village); *Latah County v. Hasfurther,* 12 Idaho 797, 88 P. 433 (1907) (order opening a private road). *But cf. Young v. Board of County Commissioners,* 67 Idaho 302, 177 P.2d 162 (1947) (no appeal from order granting amusement resort license). Because the statute on its face does not exclude any particular subject matter of appeal, and because it has been given broad construction by our Supreme Court, we are constrained to view I.C. § 31–1509 as providing a county taxpayer with the right to appeal any act, order or proceeding of the commissioners when any such act, order or proceeding is illegal or prejudicial to the public interests. We hold that the district court was correct in applying I.C. § 31–1509 to this case. We further hold that the twenty-day time period is not unreasonable.

■ We now examine whether the twenty-day time limitation of I.C. § 31–1509 should be tolled. The time for appeal under this statute begins to run after the first publication of the commissioners' decision, or statement. Idaho Code § 31–819 requires the Board to publish "monthly such statement as will clearly give notice to the public of all its acts and proceedings, and,

shall include a brief financial summary indicating the total amount spent from each county fund during the month." Noncompliance with the statute does not void the commissioners' actions but it may extend the time within which an appeal may be taken from the actions of the commissioners. *Coeur d'Alene Lakeshore v. Kootenai County,* 104 Idaho 590, 661 P.2d 756 (1983).

■ Here, Fox does not contend that the county's published monthly statement failed to include the actions taken on the beer license applications. Rather, he simply notes that the published statement contained no financial summary. We are not persuaded that this defect extended the time for appealing from the renewal of the beer licenses. The purpose of the publication is to give notice to the public of the Board's actions to the end that persons aggrieved by such actions may have the opportunity to bring an appeal to the district courts. The publication here fulfilled its purpose so far as Fox is concerned because it gave him clear notice that beer licenses had been renewed for the Last Chance Saloon and the Top Idaho Bar. The lack of a financial summary did not prejudice Fox in regard to his decision to appeal. As mentioned, Fox filed his petition for judicial review twenty-five days following publication. Consequently, it was untimely.

Accordingly, we affirm the district court's order dismissing Fox's petition. Costs to respondent, Boundary County. No attorney fees on appeal.