827 P.2d 699

**Wayne A. FOX, Appellant–
Respondent on Appeal,**

v.

**BOARD OF COUNTY COMMISSION-
ERS, BOUNDARY COUNTY, State of
Idaho and Richard Blake, Respon-
dents–Appellants on Appeal.**

**No. 18111.**

Court of Appeals of Idaho.

April 1, 1991.

Randall W. Day, Bonners Ferry, for respondents-appellants on appeal.

Wayne Fox, Bonners Ferry, pro se.

## SUBSTITUTE OPINION
## ON REHEARING

The Court's prior opinion dated January 23, 1991, is hereby withdrawn.

WINMILL, Judge, pro tem.

This is an appeal from a judgment of the district court sustaining a challenge by respondent Wayne Fox to the decision of the Boundary County Board of Commissioners to renew beer licenses held by the Top Idaho Bar and by the Last Chance Saloon. The Commissioners contest the district court's ruling that the County's renewal of those licenses was invalid, argue that Fox has no standing to pursue this action, and challenge the district court's award of attorney fees to Fox. For the reasons stated herein, we affirm the district court's judgment.

This case has a long and checkered history. The story begins in December of 1985, with Fox's appearance before the Commissioners to oppose the issuance of beer and liquor licenses for two taverns, the Last Chance Saloon and the Top Idaho Bar. The requested licenses were issued, and Fox petitioned the district court for judicial review of the Commissioners' decision under the Administrative Procedure Act. I.C. § 67–5201 *et seq.* The district court concluded that a petition under the Administrative Procedure Act was the wrong mechanism for challenging the County's actions and treated the petition as an appeal from the Commissioners' decision pursuant to I.C. § 31–1509. The district court then dismissed the petition as untimely. That decision was affirmed on appeal by this Court in *Fox v. Board of County Commissioners, Boundary County,* 114 Idaho 940, 763 P.2d 313 (Ct.App.1988) (hereinafter cited as *Fox I* ).

While his appeal in *Fox I* proceeded, Fox persisted in his challenge to the County's issuance of the beverage licenses. In July of 1986, he petitioned the Commissioners for a suspension of the licenses. When the Commissioners failed to act upon his peti-

tion, Fox obtained, first, an alternative and, later, a peremptory writ of mandate, compelling the Commissioners to act upon his petition. The Commissioners thereafter appointed a hearing officer to consider Fox's petition. Hearings were held in December of 1986 by the hearing officer. Proceeding without the benefit of its hearing officer's written recommendations, the Commissioners issued a written decision on March 10, 1987. The Commissioners' decision concluded that any controversy about the validity of the Last Chance Saloon license was moot because the bar was destroyed by fire on January 9, 1987. The Commissioners rejected Fox's claim that the Top Idaho Bar license was invalid because it was improperly zoned, finding that the bar was located in the incorporated area of Moyie Springs and was not subject to zoning by Boundary County.

On March 25, 1987, Fox appealed the Commissioners' decision to the district court under the provisions of I.C. § 31–1509. Although the district court ruled that the appeal would be heard *de novo*, Fox and the Commissioners agreed that there were no factual disputes of significance. After briefing and oral argument, the district court issued its decision reversing the Commissioners' actions of March 10, 1987, and voiding the county beverage licenses issued to the Last Chance Saloon and the Top Idaho Bar. In reaching its decision, the district court made numerous findings concerning the Commissioners' actions. For purposes of this appeal, it is sufficient to note that the district court found that the "shoestring" annexation of the area in question by the city of Moyie Springs was void *ab initio*[1] and the property in question was therefore located in the unincorporated areas of Boundary County, that Fox had standing to challenge the validity of the annexation, and that both bars were ungrandfathered commercial uses in an agricultural zone, and thus were in violation of the County's zoning ordi-

nance. The court also found that the Commissioners had acted without a reasonable basis in fact or in law, and granted Fox costs and attorney fees, which were later set at $16,067.50. From this judgment and award of attorney fees, the Commissioners have appealed to this Court.

The Commissioners raise four issues on appeal. First, the County argues that Fox did not have standing to challenge the Commissioners' decision to renew the beverage licenses. Second, the County suggests that the district court should have applied recent amendments to I.C. § 23–903, in considering the validity of the Commissioners' renewal of the beverage licenses. Third, the County argues that the district court erred in its finding that the land in question was zoned for agricultural use. Finally, the County contends that the district court erred in awarding Fox his attorney fees. We consider each argument below.

I

Turning first to the County's contention that Fox has no standing to challenge the renewal of beverage licenses for the Last Chance Saloon and Top Idaho Bar, we note that this issue was presented to the district court as an issue of law. Accordingly, we exercise free review. *Clark v. St. Paul Property & Liability Insurance Co.*, 102 Idaho 756, 757, 639 P.2d 454, 455 (1981).

■ As previously noted, this action originated as an appeal from the decision of the Board of County Commissioners to the district court pursuant to I.C. § 31–1509. The statute is specific in describing who has standing to bring such an appeal:

Any time within twenty (20) days after the first publication or posting of the statement, as required by section 31–819, an appeal may be taken from any act, order or proceeding of the board, by any

---

1. The district court found that the Top Idaho Bar was located twenty-five miles from the contiguous limits of Moyie Springs, was only connected to the city by a one-dimensional line, and was provided no city services. Annexations of such areas have historically been found to be

void *ab initio*. *See e.g. Oregon Shortline R.R. Co. v. Village of Chubbuck*, 93 Idaho 815, 474 P.2d 244 (1970); *Potvin v. Village of Chubbuck*, 76 Idaho 453, 284 P.2d 414 (1955); and *Hillman v. City of Pocatello*, 74 Idaho 69, 256 P.2d 1072 (1953).

person aggrieved thereby, or by any taxpayer of the county when any demand is allowed against the county or when he deems any such act, order or proceeding illegal or prejudicial to the public interests. . . .

The district court held that Fox was a taxpayer who deemed the actions of the County to be illegal, and concluded that he therefore had standing to appeal the Commissioners' decision.[2] This appears to be a proper application of the provisions of I.C. § 31–1509.

The County has not challenged Fox's status as a taxpayer nor has it suggested that Fox brought his appeal for any reason other than to challenge the legality of the Commissioners' actions. The County argues, however, that our Supreme Court's decision in *Bopp v. City of Sandpoint*, 110 Idaho 488, 716 P.2d 1260 (1986), requires that we engraft upon the statute a requirement that an individual appealing a decision of the County Commissioners must show that he will suffer an injury or loss which is both peculiar to himself and different from that experienced by other taxpayers. However, we find nothing in the *Bopp* decision which would apply to the facts presented by this appeal. In that case, a disgruntled owner of non-adjoining property filed a declaratory action against the City of Sandpoint to challenge the vacation of a public right-of-way. The case did not involve an appeal under I.C. § 31–1509 from a decision of the Board of County Commissioners. Moreover, we see nothing in the Court's decision in *Bopp* which would lead us to conclude that the principles embodied in that case should be applied here. Accordingly, we decline the County's invitation to impose conditions to the bringing of an appeal under I.C. § 31–1509, which are not plainly stated in the statute. As stated by this Court in *Fox I*,

> Because the statute on its face does not exclude any particular subject matter of appeal, and because it has been given broad construction by our Supreme Court, we are constrained to view I.C. § 31–1509 as providing a county taxpayer with the right to appeal any act, order or proceeding of the commissioners when any such act, order or proceeding is illegal or prejudicial to the public interest.

114 Idaho at 943, 763 P.2d at 316. We see no reason to vary from the position taken in *Fox I*, and we therefore affirm the district court's finding that Fox had standing to bring an appeal from the decision of the Board of County Commissioners pursuant to I.C. § 31–1509.[3]

## II

We next examine the Commissioners' contention that the trial court erred in not considering an amendment to I.C. § 23–903, dealing with the granting and renewal of liquor licenses, in reviewing the legality of the Commissioners' renewal of the Top Idaho Bar's beer license. The statute, as amended by legislation approved on April 4, 1989, three days before the district court filed its decision, contains the following provision:

> any license heretofore issued may be renewed from year to year without regard to the population or status of the city for which such license is issued.[4]

From this language, the Commissioners, although conceding that the "shoestring annexation" was illegal, argue that the Top Idaho Bar was entitled to a renewal of its beer license without regard for the legality

---

**2.** The court also concluded that Fox had standing as an aggrieved party. However that is an alternative ground for standing which we need not address in view of our holding that Fox had standing as a taxpayer who challenged the legality of the Commissioners' decision.

**3.** The Commissioners also argue, relying on *Young v. Board of County Comm'rs*, 67 Idaho 302, 177 P.2d 162 (1947), that there is no right to appeal a decision of the Board of County Commissioners to grant an application for a license to sell liquor. However, the *Young* decision dealt with the licensing of amusement parks rather than taverns, only discussed the issue of liquor licensing in passing, and dealt specifically with an entirely different statutory scheme which has no relevance to this proceeding. Accordingly, we see no reason to further discuss this argument.

**4.** The amendment simply added the words "or status" in the statute. *See* 1989 Idaho Sess. Laws, ch. 301, sec. 1, p. 749.

or "status" of its annexation. However, we find it unnecessary to consider the correctness of the Commissioners' interpretation of the statute, since we conclude that the amended statute did not govern the proceedings before the district court.

■ In the absence of a declared emergency, I.C. § 67–510 provides that, "no legislation shall take effect until July 1 of the year of the enactment or sixty (60) days from the end of the legislative session in which the legislation has been passed, whichever date occurs last." Section 67–510 appears to be a statutory extension of the provision of Article III, Section 22 of the Idaho Constitution, which states that:

No act shall take effect until sixty days from the end of the session at which the same shall have been passed, except in case of emergency, which emergency shall be declared in the preamble or in the body of the law.

Since the legislation containing the amendment had no emergency clause, the April 4, 1989, amendment to I.C. § 23–903 became effective on July 1, 1989, and did not control or govern the district court's decision, which was filed on April 7, 1989.[5]

■ Citing the provisions of I.C. § 67–511, the Commissioners argue that the effective date of an amendment to an existing statute is the date of enactment, rather than the date prescribed by I.C. § 67–510. In so arguing, the Commissioners misinterpret these two statutes. Section 67–511 provides that:

Where a section or part of a statute is amended, it is not to be considered as having been repealed and reenacted in the amended form; but the portions which are not altered are to be considered as having been the law from the time when they were enacted and the new provisions are to be considered as having been enacted at the time of the amendment.

A fair reading of this section indicates that it was intended to ensure that when a statute is amended, the unaltered portions will still be regarded as being in effect from the time they were enacted, while the new provisions will be regarded as taking effect upon the effective date of the amendment. On the other hand, the Commissioners urge us to construe the statute as creating an exception to the general rule of I.C. § 67–510, so that any legislative enactment which amends an existing statute becomes immediately effective upon passage. Nothing in the statute suggests an intent to create a special rule concerning the effective date of amendatory statutes which differs from that prescribed by I.C. § 67–510. More importantly, such a construction of the statute would run afoul of the provisions of Article III, Section 22 of our Constitution, which precludes any non-emergency statute from taking effect until sixty days after the end of the session in which it was passed. Accordingly, we reject the Commissioners' suggested interpretation of I.C. § 67–511 and conclude that the effective date of the amendment to I.C. § 23–903 was July 1, 1989, in accordance with the rule set down in I.C. § 67–510. It necessarily follows that the amendment did not control the district court's decision in this case. Therefore, we hold that the court did not err in reaching its decision without consideration of the 1989 amendment to I.C. § 23–903.

### III

The Commissioners next contend the district court improperly held that the Top Idaho Bar is located within an area zoned agricultural by Boundary County and is an ungrandfathered nonconforming use within that zone. This is a mixed issue of fact and law. As to questions of fact, the lower court's finding will not be set aside unless clearly erroneous. I.R.C.P. 52(a). As to questions of law, we exercise free review.

■ We hold that the district court's findings were supported by substantial, competent evidence in the record. The Commissioners have not contested the district court's finding that Moyie Springs' 1951 annexation of the area encompassing the Top Idaho Bar was void *ab initio*, but

5. The 1989 session of the Idaho Legislature adjourned on March 29, 1989, making the July 1, 1989, date the effective date of all non-emergency legislation adopted during that session.

argue that this had the effect of leaving the bar on unclassified land, rather than as part of the County's agricultural zone. We are not persuaded by the County's argument.

In 1965, Boundary County adopted a zoning ordinance which provided that any lands not within the boundaries of any other zoning district would be included in the agricultural zoning district. The ordinance was substantially rewritten in 1971. The amended ordinance, which was still in effect at the time of the license renewal for the Top Idaho Bar, established an unclassified zone for any lands not designated as being within one of the other zoning districts. However, the record included evidence which indicated that the agricultural zone established by the 1971 ordinance and zoning maps encompassed the property containing the Top Idaho Bar.[6] Moreover, the record indicates that a substantial portion of the bar, including its parking lot and an outdoor pavilion, were *not* located on the parcel of land annexed by Moyie Springs. It is apparently undisputed that these portions of the bar's operation were always included in the County's agricultural zone.

The record also contains substantial evidence supporting the district court's determination that the operation of the Top Idaho Bar constituted a commercial use of the property which was an ungrandfathered, unpermitted use within the County's agricultural zoning district. This, in turn, supported the district court's ultimate conclusion that the bar could not receive a county beer license since it was in violation of the County's zoning ordinance. Because the district court's findings and conclusions are supported by substantial evidence, we affirm the decision below.

## IV

Finally, we examine the Commissioners' contention that the district court erred in awarding attorney fees to Fox. In those

instances wherein attorney fees can properly be awarded, the award rests in the sound discretion of the trial court and the burden is on the person disputing the award to show an abuse of discretion. *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), *citing Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982).

The district court below justified its award of attorney fees on three separate grounds. First, the court found that the action taken by the county was without a reasonable basis in law or fact so that Fox was entitled to fees under I.C. § 12–117. Second, the court found that the county defended the action frivolously and without foundation, thereby entitling Fox to fees under I.C. § 12–121. Finally, the court held that an award of fees was justified under the Private Attorney General Doctrine.

■ We turn first to the threshold determination of the factual basis for the district court's decision to award fees to Fox; later we will discuss the various legal principles governing such an award in the context of this particular case. The district court prepared extensive written findings to support its decision to award fees to Fox. Significant to the court's decision, was the Commissioners' disregard for their counsel's advice that their legal position was untenable, their argument that Fox had no standing to pursue this action despite this Court's decision to the contrary in *Fox I*, and the Commissioners' general disregard for their own ordinances, including the issuance of one license to a person disqualified from holding a beverage license because of a previous felony conviction. We conclude, from our review of the record, that the district court's findings are fully supported by substantial and competent evidence, and thus are not clearly erroneous. I.R.C.P. 52(a); *Muniz v. Schrader*, 115 Idaho 497, 767 P.2d 1272 (Ct.App.1989).

■ We turn next to the legal basis for the award. Preliminarily, we conclude that

---

6. It appears that the County did not take the shoestring annexation of the Top Idaho Bar property into account in drafting its zoning ordinance and drafting the zoning map. The general area containing the bar property was zoned agricultural without any distinction being made for the annexed property.

the district court was in error in determining that the award could be made under I.C. § 12–121. Subsequent to the district court's decision in this case, our Supreme Court ruled that an appeal to the district court from a decision of the county commissioners, brought pursuant to the Administrative Procedure Act, does not constitute a "civil action" permitting an award of attorney fees to the prevailing party under I.C. § 12–121. *Lowery v. Board of County Commissioners for Ada County*, 117 Idaho 1079, 793 P.2d 1251 (1990). Although the instant action was initiated by Fox in the district court as a petition for judicial review both under the Administrative Procedure Act and as an appeal under I.C. § 31–1509, the district court decided the cause as a review pursuant to the latter statute, consistent with our earlier determination in *Fox I.* The district court did, however, apply the procedural aspects of the Administrative Procedure Act to its review, pursuant to the Boundary County ordinance relating to the issuance of beer licenses. We perceive no reason why the *Lowery* rule should not apply equally to appeals brought under I.C. § 31–1509. Consequently, we cannot uphold the district court's decision to award fees to Fox through I.C. § 12–121.

■ We do, however, sustain the district court's award on the other two bases. Idaho Code § 12–117 provides that:

In any administrative or civil judicial proceeding involving as adverse parties a state agency and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency acted without a reasonable basis in fact or law.

Section 12–117(4)(b) recites that "state agency" means "any agency as defined in section 67–5201(1)," which, in turn provides that:

"Agency" means each state board, commission, department or officer authorized by law to make rules or to determine contested cases...."

Another statute, I.C. § 23–1015, expressly makes a county a state agency for purposes of the Administrative Procedure Act with respect to the issuance of county beverage licenses. Specifically, that statute reads as follows:

An applicant denied a license, transfer or renewal thereof or aggrieved by a decision of the board of county commissioners pursuant to this section may, within sixty (60) days, after all remedies have been exhausted under county ordinances or procedures, seek judicial review under the procedures provided in sections 67–5215 and 67–5215, Idaho Code. *For the purposes of sections 67–5215 and 67–5216, Idaho Code, and of this section, a county shall be construed to mean an agency.* [Emphasis added.]

Inasmuch as a county is to be regarded as a state agency in making decisions as to the renewal and issuance of county retail beer licenses, the district court reasoned that the county would be subject to an award of attorney fees as a state agency pursuant to I.C. § 12–117 if its decision was without a reasonable basis in fact or law. We agree with the district court's analysis.[7] The court's reasoning included application of two principles recently announced by our Supreme Court in discussing the purpose of I.C. § 12–117. In *Bogner v. State Department of Revenue and Taxation*, 107 Idaho 854, 693 P.2d 1056 (1984), the Court said:

We believe the purpose of [I.C. § 12–117] is two-fold: (1) to serve as a deterrent to groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to cor-

7. We do not perceive the district court's analysis with regard to the award of fees to be at odds with our holding in *Fox I.* There we held that I.C. § 23–1015 did not provide Fox with an avenue for judicial review of the issuance of the licenses under the Administrative Procedure Act. We were not asked to determine if—once the judicial review properly was initiated under I.C. § 31–1509—it was appropriate to consider I.C. §§ 23–1015 and 12–117 in determining the attorney fees issue.

rect mistakes agencies should never had made.

107 Idaho at 859, 693 P.2d at 1061. Applying this observation to the facts found to exist in the instant case, the district court concluded that the award of fees under I.C. § 12–117 would serve as a deterrent to arbitrary action and also would provide a remedy for a person (Fox) who had incurred unfair and unjustified financial burdens attempting to correct mistakes that should never have been made. We uphold the court's conclusion.

■ As noted, we also will sustain the award upon the alternative ground given by the district court, that is, the Private Attorney General Doctrine. In evaluating a claim for attorney fees under that doctrine, our Supreme Court suggested in *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984), that the district court must consider (1) the strength and societal importance of the public policy indicated by the litigation, (2) the necessity for private enforcement and the magnitude of the resultant burden on the plaintiff, and (3) the number of people standing to benefit from the decision. Here, the record supports the district court's determination that all three of these criteria were met. In Fox's words, this action was pursued to ensure that Boundary County was governed by rule of law, not of man. Without Fox's efforts it was highly unlikely that the actions of the Boundary County Board of Commissioners would have been challenged. It is equally clear that this action imposed a substantial personal burden, both financial and emotional, on Mr. Fox. As a result of this litigation, all of the citizens of Boundary County benefited from Fox's perseverance. We conclude that the district court committed no error in deciding to award attorney fees to Fox under the Private Attorney General theory.

The judgment of the district court is affirmed. Costs to respondent, Wayne Fox. Because Fox has appeared *pro se* in this appeal, no attorney fees on appeal are allowed. *O'Neil v. Schuckardt*, 112 Idaho 472, 733 P.2d 693 (1986); *Curtis v. Campbell*, 105 Idaho 705, 672 P.2d 1035 (1983);

*Swanson & Setzke, Chtd. v. Henning*, 116 Idaho 199, 774 P.2d 909 (Ct.App.1989); *Christle v. Scott*, 110 Idaho 829, 718 P.2d 1267 (Ct.App.1986).

WALTERS, C.J., and SWANSTROM, J., concur.