HORTON, Justice.
Giltner Dairy operates a dairy adjacent to property owned by 93 Golf Ranch (Golf Ranch). In July 2008, Golf Ranch requested a rezone of its property. The Jerome County commissioners approved the rezone and Giltner Dairy sought judicial review of that decision. The district court dismissed for lack of jurisdiction, finding that this Court’s decision in Highlands Development Corp. v. City of Boise, 145 Idaho 958, 188 P.3d 900 (2008), precluded the use of I.C. § 67-6521 to allow judicial review of the case, and that the more specific judicial review provisions of the Local Land Use Planning Act (LLUPA, I.C. §§ 67-6501 et seq.) controlled over the more general provisions of I.C. § 31-1506. Giltner Dairy now appeals. We affirm.
*560 I.FACTUAL AND PROCEDURAL BACKGROUND
Giltner Dairy and Golf Ranch own adjacent parcels of property in Jerome County, Idaho. Prior to the actions leading to this case, both parcels were zoned Agricultural Zone A-l.
On November 4, 2005, Golf Ranch asked the Jerome County Planning and Zoning Commission to amend the comprehensive plan map to indicate that the suitable projected uses for Golf Ranch’s land would be consistent with the A-2 Agricultural zoning designation. That designation is for land that is changing from primarily agricultural activities to more urban activities.
Giltner Dairy, LLC v. Jerome Cnty. (Giltner Dairy I), 145 Idaho 680, 631, 181 P.3d 1238, 1239 (2008). Giltner Dairy challenged that decision and, after the district court dismissed for lack of jurisdiction, this Court affirmed. Id. at 633,181 P.3d at 1241.
In 2008, Golf Ranch filed an application to rezone its property from Agricultural Zone A-l to Agricultural Zone A-2 and the county approved the application. On January 15, 2009, Giltner Dairy filed a timely petition for judicial review. Golf Ranch moved to dismiss, arguing that the district court did not have jurisdiction. Giltner Dairy argued that the district court had jurisdiction based on I.C. § 67-6521 or, in the alternative, based on I.C. § 31-1506. Following oral argument, the district court found that this Court’s holding in Highlands Development Corp. v. City of Boise, 145 Idaho 958, 188 P.3d 900 (2008), precluded application of I.C. § 67-6521 and that the specific judicial review provisions for zoning decisions in LLUPA displaced the broad jurisdictional grant in I.C. § 31-1506. Consequently, the district court dismissed Giltner Dairy’s petition for judicial review. Giltner Dairy timely appealed.
II.STANDARD OF REVIEW
“The issue of whether the district court had jurisdiction over this action is one of law, over which this Court exercises free review.” Troupis v. Summer, 148 Idaho 77, 79, 218 P.3d 1138, 1140 (2009) (citing Taylor v. Maile, 146 Idaho 705, 709, 201 P.3d 1282, 1286 (2009)). “A party’s right to ‘appeal’ an administrative decision, i.e., to obtain judicial review, is governed by statute.” Burns Holdings, LLC v. Madison Cnty. Bd. of Cnty. Comm’rs, 147 Idaho 660, 662, 214 P.3d 646, 648 (2009) (citing Cobbley v. City of Challis, 143 Idaho 130, 133, 139 P.3d 732, 735 (2006)). Likewise, “[t]he interpretation of a statute is a question of law over which this Court exercises free review.” Neighbors for Responsible Growth v. Kootenai Cnty., 147 Idaho 173, 176, 207 P.3d 149, 152 (2009) (citing State v. Hart, 135 Idaho 827, 829, 25 P.3d 850, 852 (2001)).
III.ANALYSIS
A. Idaho Code § 31-1506 is supplanted by the judicial review provisions of LLU-PA.
The only question on appeal is a pure question of law: can a party affected by a Board of County Commissioners’ decision under LLUPA seek judicial review using the general jurisdictional grant of I.C. § 31-1506 where LLUPA does not explicitly authorize judicial review?
Idaho Code § 31-1506, within the chapter entitled “County Finances and Claims Against County,” states:
(1) Unless otherwise provided by law, judicial review of any act, order or proceeding of the board shall be initiated by any person aggrieved thereby within the same time and in the same manner as provided in chapter 52, title 67, Idaho Code, for judicial review of actions.
Within LLUPA, I.C. § 67-6521 grants the right of judicial review to “affected persons,” which, at the time Giltner Dairy sought judicial review, was defined as “one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development.” I.C. § 67-6521 (2008).[1] The use of the word permit, the Court has held, precludes judicial review in instances where a zoning appliea *561 tion is at issue. Highlands Development, 145 Idaho at 961-62, 188 P.3d at 903-04.
Other provisions within LLUPA authorize judicial involvement in matters of land use planning, including Idaho Code § 67-6511(d), which provides that property owners whose zoning status is changed within four years following a zoning determination shall have standing to enforce the provisions of I.C. § 67-6511, and I.C. § 67-6526(b), which allows counties or cities to seek a declaratory judgment “identifying the area of city impact, and plan and ordinance requirements.” Idaho Code § 67-6519 and I.C. § 67-6520 authorize judicial review under the procedures described in I.C. § 67-6521.[2] In addition, Jerome County points to I.C. § 67-6510, which provides for mediation, and I.C. § 67-6533(d), allowing restraining orders against businesses selling “obscene materials” near schools, churches, or places of worship, as further evidence that LLUPA’s judicial review provisions were intended to be the exclusive statutory bases for judicial review.
This Court has given an expansive reading to I.C. § 31-1506, notwithstanding the fact that the provision is included in a chapter that addresses county finances. See, e.g., In re Bennion, 97 Idaho 764, 554 P.2d 942 (1976) (decision approving property development); Rural High Sch. Dist. No. 1 v. Sch. Dist. No. 37, 32 Idaho 325, 182 P. 859 (1919) (order changing school district boundaries); Village of Ilo v. Ramey, 18 Idaho 642, 112 P. 126 (1910) (order incorporating a village); Latah Cnty. v. Hasjurther, 12 Idaho 797, 88 P. 433 (1907) (order opening a private road). However, the prior holdings by this Court do not address the question whether, by providing specific judicial review provisions in LLUPA, the legislature has “otherwise provided” that those provisions are the sole avenues for judicial review.
Giltner Dairy argues that the phrase “[ujnless otherwise provided by law” requires an explicit statement prohibiting judicial review in order for I.C. § 31-1506 to be displaced. Such a narrow view of the provision would be inconsistent with our prior holdings regarding the scope of I.C. § 31-1506. Most notably, in Young v. Board of Commissioners of Twin Falls County, 67 Idaho 302, 177 P.2d 162 (1947), this Court examined whether an appeal would lie from a decision denying an application for an amusement park, the process for which was based on the liquor licensing process. The Court found that the district court did not have jurisdiction, reasoning that:
In ascertaining the intention of the legislature it must be borne in mind it copied verbatim numerous important provisions in [the section addressing liquor licensing], and that that section expressly granted an appeal, but that the legislature nevertheless excluded the appeal clause____ The legislature thus made it clear it did not intend to make [the general review provisions] applicable.
Id. at 309, 177 P.2d at 166. Young indicates that the entire statutory scheme must be considered before determining whether the legislature has “otherwise provided” that judicial review shall or shall not lie. Where the statutory scheme indicates that judicial review would otherwise be included, the legislature implicitly limits that review. While not a matter of preemption, whether I.C. § 31-1506 applies revolves around the similar question of whether “despite the lack of specific language ... the state has acted in the area in such a pervasive manner that it must be assumed that it intended to occupy the entire” subject of judicial review of land use planning decisions. See Envirosafe Sens, of Idaho, Inc. v. Cnty. of Owyhee, 112 Idaho 687, 689, 735 P.2d 998, 1000 (1987) (considering whether adoption of the Hazardous Waste Management Act of 1983, I.C. §§ 39-4401-4432, implicitly preempted regulation by local government entities).
If anything, this case is more clear-cut than Young, as Young involved a statutory *562 scheme that was silent on the matter of judicial review where LLUPA affirmatively grants judicial review in specific circumstances. The logical inference from LLU-PA’s statutory scheme is that the legislature intended the judicial review provisions of the Act to be exclusive.
Giltner Dairy has not cited and we have been unable to locate any case that has applied I.C. § 31-1506 to review an action taken under LLUPA. While In re Bennion applied the predecessor statute to I.C. § 31-1506 to review the approval of a housing development, the actions in that case occurred in 1974, prior to the enactment of LLUPA in 1975. 97 Idaho at 764-65, 554 P.2d at 942-43. We conclude that LLUPA’s judicial review provisions comprise a comprehensive scheme for judicial review and indicate that the legislature has “otherwise provided” a system for review for decisions made under LLUPA.
Our conclusion that LLUPA displaces I.C. § 31-1506 is reinforced by the anomalous result that would occur if we were to adopt the position advocated by Giltner Dairy. Because LLUPA governs both city and county zoning processes, while I.C. § 31-1506 addresses only the decisions of counties, if we were to adopt Giltner Dairy’s understanding of these statutes, a rezoning decision would be reviewable when that decision was made by a county but an identical rezoning decision made by a city would not be reviewable. We can discern no logical basis for distinguishing zoning decisions by cities from those by counties for purposes of judicial review.
Prior to the amendments in 2010, the legislature had crafted a statutory scheme that included a variety of provisions for judicial review and different, related provisions that offered no right to judicial review. The logical inference from the structure of LLUPA, both before and after its amendment, is that the legislature intended for it to provide a unified scheme for judicial review.
As the district court properly concluded that I.C. § 31-1506 did not authorize judicial review of the county’s zoning decision, we affirm the district court’s dismissal of Giltner Dairy’s petition for judicial review.
B. Because the application of I.C. § 31-1506 to actions under LLUPA is a question of first impression, attorney fees are not warranted.
Golf Ranch asks the Court to award it attorney fees under I.A.R. 11.2 in the event that it prevails on appeal.
[A] violation of this rule requires the signed notice of appeal, petition, motion, brief or other document to (1) not be well grounded in fact (2) not be warranted by existing law or not be a good faith argument for the extension, modification, or reversal of existing law and (3) to be interposed for an improper purpose.
Neihart v. Universal Joint Auto Parts, Inc., 141 Idaho 801, 803, 118 P.3d 133, 135 (2005) (citing Painter v. Potlatch Corp., 138 Idaho 309, 315, 63 P.3d 435, 441 (2003)). While I.C. § 31-1506 does not apply to the present case, the statute’s application is a question of first impression before this Court and there was a good faith basis for Giltner Dairy’s argument. We therefore deny Golf Ranch’s request for attorney fees.
IV. CONCLUSION
We find that the judicial review provisions of LLUPA displace the more general grant of jurisdiction in I.C. § 31-1506 and affirm the district court’s dismissal of Giltner Dairy’s petition for judicial review for lack of jurisdiction. We decline to award attorney fees. Costs to Respondents.
Chief Justice EISMANN and Justices BURDICK and W. JONES concur.

. The legislature has since amended I.C. § 67-6521 to include, among other things, requests for rezoning. 2010 Idaho Sess. L. ch. 175, § 3, p. 361.

. Like I.C. § 65-6721, these statutes have since been amended. Idaho Code § 67-6519(1) now includes "applications for zoning changes, subdivisions, variances, special use permits and such other similar applications required or authorized pursuant to this chapter ..." 2010 Idaho Sess. L. ch. 175, § 1, p. 359. Idaho Code § 67-6520(1) now authorizes appointment of hearing examiners for "applications for subdivisions, special use permits, variances and requests for rezoning____” 2010 Idaho Sess. L. ch. 175, § 2, p. 360.